ALBANY,
Feb. 1825.

Jackson
v.
Schauber.

JACKSON, *ex dem.* PIONIER AND OTHERS, *against*
SCHAUBER.

THE SAME, *ex dem.* THE SAME, *against* Different Defen
dants in 10 other causes.

Where several causes, in favor of the same plaintiff, though against different defendants, concerning the title to property, depend on the same questions and the same evidence, either party may move that only one of the causes be tried; and that the others abide the event; and if the fact, that the questions and evidence are the same in all, be not disputed by affidavit, the motion will be granted; otherwise, if that fact be denied, or appear to be doubtful.

And where several causes, concerning the title to land, in favor of the same plaintiff, against different defendants, were noticed for trial, and one was tried,

EJECTMENTS, for land in the county of Saratoga. The first cause, and two of the others, were noticed for trial, at the December circuit, in Saratoga, 1823, when the first was tried, and a verdict taken therein for the plaintiffs subject to the opinion of this Court on a case. The two other causes were not brought to trial at that Circuit. All the causes, except the first, were noticed for trial at the Saratoga Circuit in June last, one of them brought on to trial, and the plaintiff nonsuited; when his counsel declined proceeding to trial with the others, and they were not tried. The 9 remaining causes were again noticed for trial, at the last December Circuit in Saratoga, one of them tried, and the plaintiff being nonsuited, he declined proceeding to trial in the other causes, of which he gave the defendants' counsel, in each, notice on the morning of the day following the trial. Before the trial, the defendants' counsel stated to the Circuit Judge, in open Court, in the presence of the plaintiff's counsel, that cases had been made in the two causes first tried, which were then pending and undetermined by this Court, (which was the fact,) and requested the Judge to postpone the trial of all the causes till decisions could be had upon the cases so made; the Judge asked the defendants' counsel if he would consent to let the causes then noticed for trial abide the decision of the Court on the cases made, to which he replied in the negative, though the plaintiff's counsel consented. The affidavit of the plaintiff's attorney stated that the title and evidence of the plaintiff in

in which the plaintiff was nonsuited, upon which his counsel gave notice to the defendants' counsel, that, as all the causes depended on the same questions, the others would not be tried, and a case was made, and an order obtained to stay proceedings in the cause tried, with a view to a motion for a new trial; and on motion for judgment as in case of nonsuit, the plaintiff's attorney swore that the title and evidence of the plaintiff were the same in all the causes: *held*, that unless the defendants would file affidavits, in 20 days, that the questions and evidence were not the same in all the causes, the motion should be denied; and that the causes untried should abide the event of the one last tried; and that if such affidavits should be filed, that then the plaintiff should pay costs of the circuit, &c.

support of it was the same in each of these causes. A case was also made in the cause last tried, with a view to set aside the nonsuit, &c. and the Circuit Judge had stayed the proceedings by a certificate of probable cause.

*A. Van Vechten,* now moved for judgment as in case of nonsuit, in all these causes except such as had been tried.

*L. H. Palmer,* contra.

*Curia.* Where a number of causes are brought and all depend upon the same title, as here, and the questions to be litigated, and the evidence, are the same in all, it is competent for either party to make an application to this Court, before the Circuit arrives, that only one of the causes be carried down to trial ; and that the plaintiff be not prejudiced by his omission to try others ; and, in a clear case, that they abide the event of the cause to be tried. In passing upon such a motion, the Court would be guided by the admissions of the party against whom the motion should be made. If the affidavits of the parties should agree that the points of inquiry and the evidence would be the same in all the causes, the motion would be granted. If they should disagree, though they should only leave the matter in doubt, the motion would be denied. Here neither party has applied for our direction ; all the causes were noticed ; an offer was made but not acceded to, at the Circuit, that eight of them should abide the event of the ninth, which the plaintiff contemplated trying. It was tried ; the plaintiff was nonsuited, a case is made and proceedings stayed till a decision here. The plaintiff's counsel gave notice the morning after the trial that he should not try the remaining causes ; and on the defendants' moving for judgment as in case of nonsuit, they are met by the affidavit of the plaintiff's attorney that the questions to be tried were the same in all the causes. The only dispute here, is about the costs, which must depend on the fact, that the questions and evidence were or were not the same in all the causes. If the former be the fact, it cannot be just that the plaintiff should be required to go through with the formality of a trial in each ; and repeated decisions of this Court have pronounced him not in default, for taking

ALBANY,
Feb. 1825.

the course which he has pursued.  The only difficulty arises from the form in which these motions for judgment, as in case of nonsuit, are brought forward.  Owing to this, the defendants have not yet been heard upon the question whether, according to their views of the matter, the questions and evidence will be the same in all.  Under the circum stances, therefore, we direct a rule to be entered, that the causes untried abide the event of the cause of *Jackson, ex dem. Pionier and others,* v. *Lyon*, (the cause last tried,) un less the defendants shall, within 20 days, file an affidavit that the last causes not tried do not depend on the same questions and on the same evidence as the cause last tried ; and if they file such affidavit, then that the lessors of the plaintiff pay to the defendants their costs of the last Circuit, &c.

*Van Vechten*, said the causes did not depend on the same questions and the same evidence ; and an affidavit to that effect would be filed.

Rule accordingly.