## DEWEY *vs.* REED.

Where a note, payable with interest, generally, and executed by a surety, was after the execution thereof, by agreement between the principal and the payee, but without the knowledge or assent of the surety, altered by an addition thereto, making the interest payable *semi-annually ; Held*, that this was a material alteration, which rendered the instrument void, as against the surety.

THIS action was brought on a promissory note executed by one Towner Reed, and the defendant Mason Reed as surety, and delivered to the plaintiff. The note was as follows, viz : " $450. Three years from date we jointly and severally promise to pay F. W. Dewey, or bearer, four hundred and fifty dollars with interest from the first day of April next, for value received. Gorham, October 29th, 1856.

(Signed)       TOWNER REED.

MASON REED, Surety."

The defense was, that after the note was executed and delivered, the said Towner Reed and the plaintiff entered into an agreement, without the knowledge or consent of the defendant, whereby the following words were added to the note, viz : "interest to be paid semi-annually," intending thereby that the interest on said note should be payable semi-annually, and that in pursuance of said agreement, Towner Reed paid the two installments of interest indorsed upon the note, semi-annually, but afterwards became insolvent. That by reason of said agreement and writing, the note was materially altered without the knowledge of the defendant, and he was thereby discharged from liability thereon.

The cause was submitted to the court at the circuit, upon the pleadings, note and a written stipulation of facts, and a decision was made in favor of the defendant, from which decision the plaintiff appealed.

*E. G. Lapham*, for the appellant. The case presents three legal questions : *First.* Whether the words written under the body of the note constitute an alteration of the note. *Second.*

Whether such alteration is material and prejudicial to the defendant. *Third.* Whether it was made with intention to injure or defraud the defendant.

I. The words so under-written do not form any part of the contract, or constitute any alteration of the original note. It is obvious from the face of the note and the stipulation, that Towner Reed had an understanding with the plaintiff first to pay interest annually, and made the memorandum erased, which was then changed to payment of interest semi-annually, and made the memorandum as it now appears. The original note is unchanged, and was a complete contract by itself, and is the contract upon which the plaintiff bases his action. The case of the *Bank of America* v. *Woodworth,* (18 *John.* 315,) is a full authority on this point; and many of the cases cited by Chief Justice Spencer, are also in point. It is true this case was reversed on error, (19 *John.* 391,) but it is sufficient to say, that the point that a proper demand was not made to charge Woodworth as indorser, was alone sufficient to dispose of the case. There the plaintiff was endeavoring to enforce the note, regarding the marginal memorandum as part of the contract. In *Price* v. *Shute,* (2 *Moll.* 10, § 28,) a bill was drawn payable January first, accepted payable first of March, and the holder then erased March from the acceptance and inserted January, and presented it for payment, which the acceptor refused. The holder then struck out January and restored March, and it was held he could recover. So here the plaintiff has struck out the mem. in declaring, and has only sought to enforce the precise contract signed by the defendant. This, according to *Nevins* v. *DeGrand,* (15 *Mass.* 436,) he was at perfect liberty to do. The rule was formerly more strict than now; (2 *Parsons on Cont.* 223 *et seq. and note.*) To show how much it has been relaxed, I cite the following : *Mitchell* v. *Culver,* (7 *Cow.* 336.) *Boyd* v. *Brotherson,* (10 *Wend.* 93.) *Clute* v. *Small,* (17 *id.* 238.) *People ex rel. Newell* v *Muzzy,* (1 *Denio,* 239.) *Rees* v. *Overbaugh,* (6 *Cowen,* 746.) *Railway Co.* v. *Bacon,* (15

*Pick.* 239.)   The cases cited in 15 *Mass.* 436, including the case in *Molloy*, above cited, as well as the case itself, are full to the point, that this action may be maintained.   No one has been injured: on the contrary, Towner Reed has paid two installments of interest before the maturity of the note, and to that extent the defendant is relieved.   In the language of Chief Justice Parker, in the last case, " Justice requires, and the law allows" this note to be treated as between the parties as it was originally written.   This case differs from that in 19 Johnson, and from most of the cases cited.   The memorandum is not signed.   The memorandum can be erased or cut off, and the note will remain perfect.   The memorandum and stipulation only show a parol agreement between the plaintiff and Towner Reed.   No consideration is shown or averred, and as an agreement intended to alter the note it would be wholly void even as against Towner Reed.   It was void by the statute of frauds, not being signed.   In *Chappell* v. *Spencer*, (23 *Barb.* 584,) the note was declared on in its altered form as the note of Murray as well as the other defendants. Suppose Murray, after he had added his name as a maker surety, instead of transferring it to Chappel as a note against himself as well as the others, had erased his name and sued it himself, or had declared on the original note without erasing his name, could there be any doubt of his right to recover ?

II.   What has been said, and many of the cases cited under the last point, have a direct bearing upon the point, as to whether, admitting this was an alteration of the contract, it was material and prejudicial to the defendant.   *Pigot's case,* which many of the cases seem to follow, proceeds upon the position that an immaterial alteration avoids a contract; but such is not the law nor the good sense of the case. (2 *Parsons on Cont.* 225, 6, *and cases cited in the notes.*)   As we have seen, the defendant, so far from being prejudiced, has been benefited by what was done.   Again, it does not appear when this was done : if not done until the last year, it would not vary the legal effect of the note.   The defendant does not

show when it was done.    The defendant avers that Towner Reed died insolvent, before the maturity of the note.    The result is, that the contract is less onerous to him by one year's interest than it would have been as originally made.

III.    There is nothing in the case to show this memorandum was made with intent to injure or defraud the defendant, or to impose upon him any different contract from the one he made. It was made to show that as between the principal debtor and the plaintiff, he was to pay his interest semi-annually. The original contract was to pay the interest and principal at the same time, and that is the only contract the plaintiff is seeking to enforce.    In *Master* v. *Miller*, (4 *T. R.* 320,) Lord Kenyon says, " No man shall be permitted to take the chance of committing a fraud without running any risk by losing by the event when it is detected."    The rule is stated in substance the same in *Adams* v. *Frye*, (3 *Metcalf*, 103 : *see also Smith* v. *Crooker*, 4 *Mass.* 540 ; *Landon* v. *Paul*, 20 *Verm. Rep.* 217 ; *Thornton* v. *Appleton*, 29 *Maine Rep.* 208 ; *and* 15 *Mass. and* 15 *Pick. above cited.*)

*Spencer Gooding*, for the defendant.    The addition of the words " interest to be paid semi-annually," is an *alteration* in a *material* part of the note, and vitiated it.    (*Edwards on Bills*, 146, *and cases cited.    Bruce* v. *Westcott*, 13 *Barb.* 374, *and cases cited.*)  (1.) It was done by *agreement* between the plaintiff and Towner Reed, and without the defendant's knowledge, and was binding upon those parties, but not upon him.    (2.) It varied the contract made by the defendant.    It made the interest payable every six months, when by the original note it was not to be paid until the end of the three years.    (*Edwards on Bills, above cited.    Bank of America* v. *Woodworth*, 18 *John.* 315.    *Nazro and Green* v. *Fuller*, 24 *Wend.* 374.    *Bruce* v. *Westcott*, 3 *Barb. S. C. Rep.* 374.) (3.) The agreement was binding upon the plaintiff and Towner Reed, and if the defendant was liable at all it was upon a different contract than that upon which Towner

Reed was liable. (*Chappell* v. *Spencer,* 23 *Barb.* 584.) (4.) It was not a mere memorandum made on the margin of the note, or under the body of the note simply to inform the holder when the interest was payable, but an absolute alteration of the note itself. When delivered the note by its terms was definite and certain as to the time of payment of the interest, and no memorandum of the kind made, could be necessary for any purpose whatever.

II. The plaintiff cannot say here that the alteration does no damage or injury to the defendant, as he has brought the action upon the note as it was originally executed by the defendant. This is not the issue. The law decides that any *material alteration* vitiates the note, unless consented to by the party affected thereby, and the courts do not stop to inquire whether the party *has received an injury,* but whether the note is materially altered, so that the contract is different from the one made by the party. It will not allow parties to tamper with written contracts in that manner. If the note could be altered in this respect, and still retain its validity, it might be altered in many other particulars, and the party be left in uncertainty as to how, when or where, his note was to be paid. The note once vitiated as to the defendant cannot be made valid by any act of the plaintiff, without some act by the defendant. (3 *Barb.* 374, *above cited.*)

III. The questions of fact were passed upon by the court, and the finding is conclusive. (1.) There was no conflict in the evidence, as the stipulation contained all the facts, and the court found upon those questions of fact, that the *intention* of the plaintiff and Towner Reed was to alter the terms of the note, as to the time of payment of the interest. (2.) The court also found that this writing was not intended, when made, as a mere memorandum for some innocent purpose, but as an alteration of the terms of the note itself. (3.) There was no blank to be filled up, nor was there any ambiguity or uncertainty about the note, when executed by

the defendant and delivered to the plaintiff. (3 *Barb.* 375, *above cited.*) (4.) It seems to be too plain for argument, that the parties who made this writing intended to alter its terms; and if so, it is equally clear that the defendant was thereby discharged from liability thereon.

*By the Court,* JOHNSON, J. This case was correctly decided at special term, both in respect to the facts and the law. It falls directly within the principle of the case of *Warrington* v. *Early,* (75 *E. C. L.* 763; *S. C.* 22 *Eng. L. and Eq. Rep.* 208.) In that case the note was payable in six months, with lawful interest, which was five per cent only. After the note was delivered, without the consent of the maker, but with the consent of the holder, there was added in one corner of the note, "interest at six per cent per annum." This was held to be a material alteration and fatal to the validity of the note, against the maker. Lord Campbell, Ch. J. who delivered the opinion of the court, said of the addition : "That, we think, was made part of the contract; had it been inserted in the body of the note it would unquestionably have been so; and though it was inserted in the corner, if that had been done before the note was signed, it would have bound the maker, inasmuch as the effect of a written contract is to be collected from all written within the four corners of the instrument."

Here the note was payable three years from date, "with interest from the first day of April next." The addition is immediately under the body of the note, and is, "int. to be paid semi-annually." This most obviously was intended to alter the time of the payment of interest, and that it is a material alteration can scarcely be disputed. (2 *Parsons on Bills and Notes,* 545.) The addition was made, as the case shows, in pursuance of an agreement to that effect between Towner Reed the principal, and the plaintiff, without the knowledge or assent of the defendant who signed as surety

merely.    This renders the note void as against the defendant.
(*Woodworth* v. *Bank of America*, 19 *John.* 391.)

The case of *Nevins* v. *De Grand*, (15 *Mass. Rep.* 436,)
relied upon by the plaintiff's counsel, is not in point.    That
case was decided upon the principle of allowing an erasure
made by mistake and with honest intentions, to be expunged,
and the canceled words to be restored, where no one had been
injured by the mistake.    (2 *Parsons on Bills and Notes*,
569, 570.)    This is not such a case.    Here the intention was
to alter the instrument and create an additional burthen upon
the makers.    This destroyed the defendant's obligation, and
the plaintiff could not restore it by merely counting on the·
note as it stood before the alteration.    The alteration having
been made, not by mistake but by design, and upon agree-
ment, striking it out now would be a new and material alter-
ation of the instrument.

The judgment must therefore be affirmed.

[Monroe General Term, June 2, 1863.  *E. Darwin Smith*, *Welles* and *Johnson*, Justices.]