CHARLES B. BENEDICT et al., Appellants, *v.* GILES COWDEN, Respondent.

A memorandum upon a note made cotemporaneously with, and delivered with it, and intended as a part of the contract, is a substantive part of the note and qualifies it the same as if inserted in the body of the instrument, and with it constitutes a single contract. (*Saunders* v. *Bacon*, 8 J. R., 485, and *Tappan* v. *Ely*, 15 Wend., 362, distinguished and explained.)

Where such a memorandum is an essential part of the note, modifying the obligation the severence of it from the note without the consent of the maker is a material alteration, and destroys the note even in the hands of an innocent indorsee for value.

(Argued April 24, 1872; decided May 21, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendant entered upon a verdict.

The action was brought upon a promissory note; defence, a material alteration of the note.

Defendant was applied to to become agent for " George N. Palmer's Rake and Tedder." He consented, and it was agreed that he should sign a note for $200, with a contract in it that the note should be paid out of the profits of the machines when sold. A note was presented for $200 and interest, payable to George N. Palmer, or bearer, one year from date. At the bottom of the note were these words: " The above note to be paid from the profits of machines when sold." There was not room below this to sign; defendant was advised that it would be the same if he signed above as below this memorandum; he thereupon signed above it, and delivered the note with the memorandum thereon. Subsequently this memorandum, without the knowledge or consent of defendant, was cut off, and the note sold to plaintiffs for value, without notice. The judge submitted to the jury the question whether the words at the bottom were designed by the parties as a part of the contract. They found for the defendant.

*L. W. Thayer* for the appellants.   Whether the memorandum at the foot of the note constituted a part of the note itself was purely a question of law, and should have been decided by the court.   (2 Par. on Contracts, 4.)   The memorandum at the bottom of the note was a distinct and separate writing, and constituted no part of the note.   (*Dow* v. *Tuttle*, 4 Mass., 414 ; *Shedd* v. *Pierce*, 17 id., 627 ; *Haywood* v. *Perrin*, 10 Pick., 228 ; *Masters* v. *Baretts*, 8 C. B., 433 ; *Sunderlin* v. *Judge*, 2 H. Bl., 509 ; *Prince* v. *Mitchell*, 4 Camp., 200 ; *Williams* v. *Warring*, 10 Barn. & Cress., 2 ; *Ex'r* v. *Russell*, 4 M. & S., 505 ; *Knowles* v. *Hill*, 25 Ill., 288 ; *Carr* v. *Welch*, 46 Ill., 88 ; *Elliott* v. *Livings*, 54 Ill. ; A. M. L. Reg. V., 2, No. 11 ; *Odiorne* v. *Sargent*, 6 N. H. 401 ; *Sanders* v. *Bacon*, 8 Johns., 379 ; *Tappan* v. *Ely*, 15 W., 362 ; 2 Parsons N. & B., 146 ; *Barnard* v. *Cushing*, 4 Met., 280 ; *Bk. of America* v. *Woodworth*, 19 John., 391 ; 18 id., 321 ; *Nazro* v. *Fuller*, 24 W., 374 ; *Wheelock* v. *Freeman*, 13 Pick., 165 ; *Haywood* v. *Perrin*, 10 id., 228 ; *Johnson* v. *Heagan*, 23 Me., 329 ; *Fletcher* v. *Blodgett*, 16 Vt., 26 ; *Henry* v. *Coleman*, 5 id., 402 ; *Leed* v. *Lancashire*, 2 Camp., 127.) When one or two innocent persons must suffer by the wrongful act of a third, that one must suffer who put it in the power of the third to commit the fraud.   (*Putnam* v. *Sullivan*, 4 Tyng., 45 ; *Van Dusen* v. *Howe*, 21 N. Y., 531 ; *Thurston* v. *McKown*, 6 Tyng., 428.)   The memorandum being repugnant to the note, could not affect its express provisions, whether a part of it or not.   (2 Parsons on Cont., 26 ; Shep. Touch., 88 ; *Cother* v. *Merrck*, Hardw., 94 ; *Doe* v. *Briggs*, 2 Taunt., 109 ; *Cope* v. *Cope*, 15 Simcoe, 118 ; *Sukley* v. *Buller*, Hob., 168, 172, 173 ; *Jackson* v. *Ireland*, 3 W., 99 ; *Wells* v. *Wright*, 2 Mod., 161 ; *Wells* v. *Trequison*, 2 Salk., 463 ; *Stockton* v. *Turner*, 6 J. J. Marsh, 192.)   The *colloquium*, or verbal negotiations leading to a contract, which was consummated by reducing to writing, cannot be proved. (1 Greenleaf Ev., 316, 321 ; *Averill* v. *Taylor*, 4 Seld., 44 ; *Blossom* v. *Griffin*, 13 N. Y., 569.)

*B. Healy* for the respondent. The memorandum was as much a part of the contract as if written in the body of the instrument above the defendant's signature. ( *Wheelock* v. *Freeman*, 13 Pick., 165 ; *Heywood* v. *Perrin*, 10 id., 228 ; *Johnson* v. *Heagan*, 10 Shep., 329 ; *Fletcher* v. *Blodgett*, 16 Vt. R., 26 : *Reed* v. *Drake*, 7 Wend., 345 ; *Wait* v. *Pomeroy*, to be reported in 20 Mich. Rep., 425, and cited in Albany Law Journal, vol. 4, 267 ; *State* v. *Stratton*, 1 Am. R., 282, and 27 Iowa, 420 ; *Bank of America* v. *Woodworth*, 19 John., 392, 421 ; *Dewey* v. *Reed*, 40 Barb., 16 ; *Nazro* v. *Fuller*, 24 Wend., 374 ; *Platt* v. *Smith*, 14 John., 368 ; *Tillou* v. *The Clinton and Essex Mutual Ins. Co.*, 7 Barb., 564 ; *Springfield Bank* v. *Merrick*, 14 Mass. R., 322 ; *Jones* v. *Fales*, 4 id., 245 ; *Coolidge* v. *Inglee*, 13 id., 32 ; *Makepeace* v. *Harvard College*, 10 Pick., 298 ; *Warrington* v. *Early*, 2 Ellis & B., 763 ; *Emerson* v. *Murray*, 4 N. H., 171 ; 2 Parsons on Bills and Notes, 540, 545, 546 ; *Burchfield* v. *Moore*, 25 E. L. & Eq. R., 123 ; *Reed* v. *Drake*, 7 W., 345 ; *Merritt* v. *Clason*, 12 John., 102 ; *Clason* v. *Bailey*, 14 id., 484 ; *Johnson* v. *Dodgson*, 2 M. &. W., 653 ; *Penniman* v. *Hartshorn*, 13 Mass., 87 ; 2 Pars. on Cont., 3d ed., 287, and note.) The words at the bottom were a material part of the contract, and gave it a different legal effect from what it otherwise would have had. ( *Wheelock* v. *Freeman*, 13 Pick., 165 ; *Heywood* v. *Perrin*, 10 id., 288 ; *Fletcher* v. *Blodgett*, 16 Vt. R., 26 ; *Johnson* v. *Heagan*, 10 Shep. [Me.] R., 329 ; *State* v. *Stratton*, 1 Am. R., 282 ; S. C., 27 Iowa, 420 ; *Wait* v. *Pomeroy*, 20 Michigan R., 425 ; *Springfield Bank* v. *Merrick*, 14 Mass., 322 ; *Jones* v. *Fales*, 4 id., 245 ; 2 Pars., B. & N., 545, 546, 580, 581, 582 ; *Worden* v. *Dodge*, 4 Denio, 159 ; *De Forrest* v. *Frary*, 6 Cow., 151 ; *Cota* v. *Buck*, 7 Met. [Mass.] R., 588 ; *Cook* v. *Satterlee*, 6 Cow., 108 ; *Carlos* v. *Fancourt*, 5 Term R., 482 ; *Hill* v. *Halford*, 2 Bos. & Pul., 413 ; Chitty on Bills, 10th Am. ed., 135, 137, 138 ; *Alexander* v. *Thomas*, 16 Ad. & Ell. [N. S.], 333 ; 1 Wait's Law and Prac., 494 ; 1 Pars. on B. & N., 37, 43, 48 ; *Bruce* v. *Wescott*, 3 Barb., 474 ; *Scott* v. *Walker*, Dudley, Ga., 243 ;

*Pepoon* v. *Stagg & Co.*, 1 Nott & McCord, 102; *Haynes* v.
*Dennett*, 11 N. H., 181; *Atkinson* v. *Marks*, 1 Cow., 694,
707; Edwards on B. & Notes, 142, 143.) The alteration of
the instrument made it negotiable when it was not so made
by the maker, and such alteration destroys the note. (2 Par-
sons on Bills & N., 562; *Pepoon* v. *Stagg & Co.*, 1 Nott &
McCord, 102; *Haynes* v. *Dennett*, 11 N. H., 181; *Bruce* v.
*Wescott*, 3 Barb., 374; *Scott* v. *Walker*, Dudley [Ga.], 243;
*Johnson* v. *Bank*, 2 B. Mon., 350.) Cutting the memoran-
dum from the instrument, rendered the part held by the
plaintiffs absolutely void as against the maker. (Chitty on
Bills, 10th Am., from 9th London ed., 182; *Wheelock* v.
*Freeman*, 13 Pick., 165; *Johnson* v. *Heagan*, 10 Shep., 329;
*Wade* v. *Withington*, 1 Allen [Mass.] R., 561; *Fay* v. *Smith*,
id., 477; *Bruce* v. *Wescott*, 3 Barb., 374; 2 Parsons on Bills
& N., 545, 546, 562, 580, 581, 582; *Dewey* v. *Reed*, 40
Barb., 16; *Nazro* v *Fuller*, 24 Wend., 374; *Woodworth* v.
*Bank of America*, 19 John., 391; *Chappell* v. *Spencer*, 23
Barb., 584, and cases there cited; *Burchfield* v. *Moore*, 25
Eng. Law & Eq. Rep., 123; *Warrington* v. *Early*, 2 Ellis
& B., 763; *Master* v. *Miller*, 4 Term R., 330; S. C., 1
Smith's Leading Cases, 5th Am. ed., 934, and notes thereto;
*Stephens* v. *Graham*, 7 S. & R., 505; *Jardin* v. *Paine*, 1
Barn. & Adolph, 671; *Waring* v. *Smith*, 2 Barb. Ch. R.,
119; *Wait* v. *Pomeroy*, 20 Michigan R., 425; Wharton's
Am. Crim. Law, § 1421; Roscoe's Crim. Ev., 5th Am. ed., 513.)
After the alteration of the note, it is not the contract made
by the party, and the law will not compel him to perform a
contract he never made. (2 Parsons on Bills and Notes,
581; *Fay* v. *Smith*, 1 Allen [Mass.] R., 477; *Wade* v. *With-
ington*, id., 561; *Cock* v. *Coxwell*, 2 Cromp., Mees. & Roscoe,
291; *Master* v. *Miller*, 4 Term R., 320; S. C., Smith's Lead.
Cases, 5th Am. ed., 934, *et seq.*; *Chappel* v. *Spencer*, 23
Barb., 584, 590; *Bathe* v. *Taylor*, 15 East, 412; *Wait* v.
*Pomeroy*, 20 Mich., 425; Wharton's Am. Criminal L., §
1421; Roscoe's Crim. Ev., 5th Am. ed., 513.) The plaintiffs
cannot recover upon that part of the instrument held by them,

although they purchased it without notice of the addition, and for value. ( *Wade* v. *Withington*, 1 Allen [Mass.] R., 561; *Wait* v. *Pomeroy*, 20 Mich. R., 425; *Burchfield* v. *Moore*, 25 Eng. Law and Eq. Rep., 123; *Bruce* v. *Wescott*, 3 Barb., 374; *Master* v. *Miller*, 4 Term. R., 330; S. C., 1 H. Black. R., 140; S. C., 1 Smith's Lead. Cases, 5th Am. ed., 934, *et seq.; Stephens* v. *Graham*, 7 S. & R., 505; *Nazro* v. *Fuller*, 24 Wend., 374; Chitty on Bills, 10th Am. from 9th London ed., 181, 182; *Agawam Bank* v. *Sears*, 4 Gray, 95; 2 Parsons on Bills and N., 551, 580, 581; *Whitney* v. *Snyder*, 2 Lansing's R., 477; *Foster* v. *McKinnon*, 38 Law Jour. R. [N. S.], 310; *Nance* v. *Lary*, 5 Ala., 370.) The court was right in holding that the intent of the parties as to the memorandum was a question of fact for the jury. (2 Pars. on Cont., 3d ed., 287; *Nazro* v. *Fuller*, 24 Wend., 374, 376; *Johnson* v. *Dodgson*, 2 M. & W., 653; *Van Schaick* v. *Third Av. R. R. Co.*, 38 N. Y., 346, 352; *Ireland* v. *Oswego, Hannibal S. Plank R. Co.*, 3 Kern., 526, 533.) Even if the court erred in submitting this question to the jury, it could in no way prejudice plaintiffs. (*People* v. *Bransby*, 32 N. Y., 525; *Marckley* v. *Shults*, 29 id., 346; *People* v. *Wiley*, 3 Hill, 194, 213; *Vallance* v. *King*, 3 Barb., 548.) No new question, to which the attention of the judge was not called, can now be raised; and the charge will be presumed to have been correct in reference thereto. (*O'Neil* v. *James*, 43 N. Y., 84; *Winchell* v. *Hicks*, 18 N. Y., 558; *Barnes* v. *Perine*, 2 Kern., 18, 22; *Mallory* v. *Tioga R. R. Co.*, 5 Abb. [N. S.], 420; *Seymour* v. *Conway*, 1 Keyes, 532; *Jencks* v. *Smith*, 1 Comst., 92; *Buck* v. *Remsen*, 34 N. Y., 383.) The plaintiffs were bound to account for the alteration. (2 Pars. B. & N., 575–579; *Master* v. *Miller*, 4 Term. R., 330.)

ALLEN, J. Unless concluded by the decisions of the courts of this State to the contrary, we shall be constrained by authority, as well as in the application of well established principles, to regard the memorandum at the foot of the note

as a substantive part of the note itself, and with the note constituting a single contract. The evidence clearly establishes, and the jury have found that the memorandum was written at the foot of the note before the signature was made, and was on the note at the time of its delivery to the payees, and was in conformity with the understanding of the parties, the note as modified by the memorandum embodying the agreement of the maker with the payees. The reason why the signature of the defendant was above instead of below the memorandum is given, and the clear intention was that the memorandum should be read as a part of the note. The meaning of an agreement is to be sought in all the words contained within the four corners of the instrument, and the order of the words, and the place they occupy in the paper, is not essential so long as they are placed therein, to evidence the actual agreement of the parties, and as a part of the contract. The rule goes further, and requires all papers and instruments relating to the same subject and executed simultaneously, to be read together, and as constituting, when thus read, a single contract or agreement. But when, as in this case, the contract or promise is unilateral, and the body of the contract fails for any reason to express the agreement, and a memorandum is made upon the same paper, either upon the margin or at the foot, above or below the signature of the promisor, or indorsed upon the back, and delivered with and as a part of the contract or promise, the whole instrument constitutes but a single contract, and the memorandum is as much a part of it, as if written in the body. Words written in the margin of an award by the arbitrators in a distinct sentence are to be considered as a part of the award, and to receive the same construction as if inserted in the body of it. (*Platt* v. *Smith*, 14 J. R., 368.) Where an obligor signed his name and affixed his seal in the space between the penal part of the bond and the condition thereof, the latter is as much a part of the instrument as if the signature was at the foot of it. (*Reed* v. *Drake*, 7 Wend. R., 345.) The prin-

ciple has been repeatedly applied to promissory notes and instruments of a like character.

In *Hartley* v. *Wilkinson* (4 M. and S., 25), a promissory note negotiable and for the payment of a sum of money absolutely on its face, was modified, and lost its negotiable character by an indorsement thereon, declaring that it was not to be paid upon the happening of a certain contingency. The memorandum operated to convert what would otherwise have been a negotiable promissory note, into a special contract, for the payment of money contingently. The same effect was given to an indorsement upon a promissory note in *Cholmeley* v. *Darley* (14 M. & W., 343, and in *Leeds* v. *Lancashire*, 2 Camp., 205.) It is in all cases a question to be determined upon the circumstances whether a memorandum or indorsement upon a note or bill is intended as a part of the contract and a modification of the note or bill, or whether it is merely an ear-mark for the purpose of identification, and when the latter is the character and purpose, it will not modify or affect the contract, as it is no part of it. (*Brill* v. *Crick*, 1 M. & W., 232; *Sanders* v. *Bacon*, 8 J. R., 485.) Many, if not most, of the decisions in England have been rendered upon technical questions growing out of the stamp acts and the forms of pleading, but still are significant as to the character and effect of a memorandum at the foot of or indorsed upon a promissory note prior to, or simultaneously with the signing by the maker, and before a delivery to the payee, and with intent to declare the extent and terms of the liability assumed, or intended to be assumed. In some cases it is said that the naming of a place of payment in the corner, does not make that a part of the contract, but it is not on the principle that because the writing is in the corner, it therefore cannot form a part of the contract, but because what is there written was regarded by the courts, by reason of the mercantile usage, a mere memorandum for the convenience of parties. (Per Lord CAMPBELL, C. J., in *Warrington* v. *Early*, 2 E. & B., 763.) The effect of such memorandum is now regulated by statute in England. (1 and 2 G. 4 C., 78.) In *Warrington*

v. *Early* (*supra*), the note was payable on its face, " with law-
ful interest." At the time of delivery by two of the makers in
the absence of the third, in explanation of the words " law-
ful interest" in the body of the note, the words " interest at
six per cent per annum " were noted at the left hand corner
of the note, and it was held to be an alteration of the contract
as fatal to the validity of the note, as if it had been inserted
in the body. In Massachusetts the decisions are uniform, and
to the effect that any memorandum underwritten or in the
margin or indorsed upon a note, constitutes an essential part
of the contract, when such is the intent of the parties.
(*Springfield Bank* v. *Merrick,* 14 Mass., 322; *Coolidge* v.
*Ingler,* 13 id., 26; *Jones* v. *Fales,* 4 id., 245; *Shaw* v. *First
Meth. Soc., etc.,* 8 Met., 223; *Barnard* v. *Cushing,* 4 id., 230;
*Makepeace* v. *Harvard College,* 10 Pick., 298; *Heywood* v.
*Perrin,* id., 228.) The rule is the same in other States.
*Fletcher* v. *Blodgett,* 16 Vermont, 26; *Johnson* v. *Heagan,*
23 Maine, 329; *Henry* v. *Coleman,* 5 Vermont, 403.

If the modification or qualification of the terms of the note,
is by any independent promise or agreement of the payee
or promisee, it will not vary the effect or character of
the note, but the maker of the note will be left to such
remedy as the law will afford him upon the independent pro-
mise of the payee, either as a defence to the note in the hands
of the payee, or one receiving it with notice of the equities or
against the promisor personally. (*Odiorne* v. *Sargent,* 6 N.
H., 401; *Dow* v. *Tuttle,* 4 Mass., 414.) It has been supposed
that a different rule prevails in this State. The question was
considered in *Bank of America* v. *Woodworth* (18 J. R.,
315; S. C. in error, 19 id., 391.) The defendant was sued as
an accommodation indorser of one Kain upon a note in which
at the time of the indorsement there was no place of payment
designated. The maker had at the time of negotiating the
note, and without the knowledge or assent of the indorser,
written in the margin " Payable at the Bank of America."
This case has been frequently cited as a decision by the Court
for the Correction of Errors, that this memorandum in the

margin was a part of the note, and a material alteration of its terms, the same as if the same words had been inserted in the body. (7 Cow., 338, note; 19 N. Y., 480; Edwards on Bills, 166.) This view was taken by Senator Skinner, who delivered the prevailing opinion in the court of last resort, with whom seventeen senators concurred against the opinion of the chancellor and nine senators. But it is possible that those who voted with Senator Skinner did so upon the other ground suggested in his opinion, that if such memorandum was not an alteration of the note, then the indorser was discharged for the want of a proper demand of payment from the maker. We have the able opinion of Senator Skinner, that a note or memorandum made by the maker in the margin of a note before the delivery thereof, is a substantive part of the note itself as if inserted in the body, and the statement of the reporter that the majority of the members of the court concurred, without any intimation that they did not concur in the entire opinion, in connection with the fact that there was another ground stated in the same opinion leading to the same result. In *Sanders* v. *Bacon* (8 J. R., 485), the indorsement upon the note simply stated the consideration, and was held not to be, or to have been intended as a part of the contract. The court said the effect of it was only to show the consideration and to operate as a notice to any person who might purchase the note. The question presented here was not made in that case. No objection was raised on account of the consideration, and the only question was whether the instrument could be counted on as a promissory note. The only other case that need be referred to is *Tappan* v. *Ely* (15 W. R., 362), in which the question arose upon demurrer to a replication. The plaintiffs counted as indorsers against the maker of two promissory notes payable to W. W. Edwards & Co., or order, the one in six months and the other in twelve months after date. There was a memorandum indorsed on the notes to the effect that they were delivered to the payees by one A. H. E. as security for accepting for him to the amount of the notes, and if A. H. E. should pay the money

arising from certain funds to the discharge of the notes made by the defendant, the notes were to be void.   Plea, that A. H. E. did pay and satisfy to W. W. Edwards & Co. the amount for which they had accepted for him, and that the notes were transferred to the plaintiffs after they became due. Replication that A. H. E. did not pay and satisfy W. W. Edwards & Co. the amount for which they had accepted for him in *modo et forma,* and demurrer to the replication.   The court repeat what was said in *Sanders* v. *Bacon* (*supra,*) as to the effect of the indorsement then under consideration, and say, "if this court was correct in saying that the indorsement is no part of the note itself, then the demurrer cannot be sustained, for the note on its face is perfect."   They then merely add, that no injury can accrue to the defendant, as he could make any defence which he could if the suit was brought in the name of the payee.   No substantial rights depended on the question as presented, which was simply as to the name in which the action should be brought.   The court evidently gave but slight consideration as to the effect of a memorandum or indorsement upon a note essentially modifying the terms of the contract and affecting the legal rights of the parties upon the note itself.   The question as made was very technical, and was disposed of as such, and with a view to substantial justice.

I doubt if the two cases last referred to can properly be regarded as the deliberate adjudications of the Supreme Court of this State, in hostility to the well considered cases in the courts of England and in the United States, and in disregard of the rule which is applied in this State as well as elsewhere to the interpretation of other contracts.   It is true they have been regarded as holding doctrines adverse to those held by the English courts and the courts of Massachusetts and other States, but I am persuaded that undue effect has been given to them.   The cases were properly disposed of, and in the case first decided, and upon which as authority the last was disposed of, the indorsement was precisely what it was declared by the court to be, a statement of the considera-

tion, and did not purport to qualify the undertaking of the maker of the note. *Tappan* v. *Ely* was distinguishable from *Sanders* v. *Bacon*, but no effort was made to distinguish it; on the contrary, it was assumed that the latter case was in conflict with the current of authority in England and elsewhere. In *Bull* v. *Orick* (1 M. & W., 232), an indorsement not unlike that in *Tappan* v. *Ely*, was held not to be a part of the contract, but simply a marking of the note for identification, which was clearly the purpose of the indorsement in *Sanders* v. *Bacon*, and might well have been considered the purpose in *Tappan* v. *Ely*, and so regarded, the case was within the authority of *Sanders* v. *Bacon*, but is not in conflict with the long line of decisions in which it is held that where the purpose and intent of an indorsement or memorandum is to qualify the note and the undertaking of the maker, it is to be regarded as a part of the contract. *Bull* v. *Orick* is not regarded as overruling or casting a doubt upon the authority of the cases so holding, or as in conflict with them, but it stands on the same principle as the cases cited above from the courts of this State.

It is desirable for many reasons that the decisions of the several States upon questions affecting commercial paper should be uniform, and unless we are shut up to a different judgment by the adjudications in our own courts, we should apply the rule well established by authority elsewhere, and sustained by the rules governing analogous cases, that a memorandum upon a note made cotemporaneously with the note, and delivered with it, and intended by the parties as a part of the contract, and to give effect to their actual agreement, is a part of the note and qualifies it the same as if inserted in the body of the instrument. This question has not been authoritatively and deliberately decided otherwise in this State.

It follows, then, that the memorandum at the foot of the note in suit was an essential part of the note, and the severance of it from the note without the consent of the defendant, was the alteration of the note in a material point, and destroyed

the note even in the hands of an innocent indorsee. (*Johnson* v. *Keagan*, 23 Maine, 329; *Nazro* v. *Fuller*, 24 W. R., 374; *Dewey* v. *Reed*, 40 Barb., 16; *Burchfield*, v. *Moore* 3 E. & B., 683; *Simpson* v. *Stackhouse*, 9 Barr. Penn. St. R., 186; *Wheelock* v. *Freeman*, 13 Pick., 165; *Warrington* v. *Early*, *supra*.) The question whether the defendant by his act, negligent or otherwise, enabled the payee to commit the forgery and perpetrate a fraud upon an innocent purchaser of the note, and if so, as to the effect of such negligence or any want of proper care upon his liability upon the note as altered by the severance of the memorandum, was not raised at the trial, and cannot therefore be made upon this appeal. The only questions at the trial were those now disposed of, to wit: whether the memorandum was a part of the note, and the legal effect of its destruction without the assent of the maker.

The judgment should be affirmed.

CHURCH, Ch. J., absent; all the other judges concurred.