“ McAdam, J.
The Supreme Court action was commenced first. It is to recover $19,546.09, and but for the voluntary assignment made by Linde & Co., the cross demand could have been litigated in the Supreme Court action. If that action is stayed, the defendant here, who is the plaintiff there, can use only a small portion of his demand ($4,811.46), and may have to renew his litigation as to the balance. If the Supreme Court action is tried first, the entire $19,546.09 will he litigated and disposed of. The law does not encourage double trials and multiplicity of suits, and the court will stay one action and allow the other, in which the entire relief may he awarded, to proceed. People v. Northern R. R. Co., 53 Barb., 98; Jackson v. Schauber, 4 Cow., 78; Jackson v. Stiles, 5 Ib., 282; McFarlan v. Clark, 2 Sand., 699 ; Avery v. N. Y. C., etc., R. R. Co., 30 State R., 239 ; S. C. 9 Supp., 404; Third Ave. R. R. Co. v. Mayor, 54 N. Y., 159 ; N. Y., L. E. & W. R. R. Co. v. Robinson, 15 State R., 237 ; Sorley v. Brewer, 18 How., 509 ; Schuehle v. Reiman, 86 N. Y., 270 ; Cushman v. Leland, 93 Ib., 652 ; Pusey v. Bradley, 46 How., 255. It follows that the defendant’s motion for a stay must he granted and the plaintiff’s motion to compel an election denied. No costs.”
Per Curiam.
The order should be affirmed, with costs, upon the opinion of the special term.