MANUFACTURERS TRUST COMPANY, Appellant, *v.* WILLIAM B. STEINHARDT, Respondent.

(Argued May 29, 1934; decided July 3, 1934.)

*Leonard G. Bisco* and *Samuel Chugerman* for appellant.

*Edward B. Schulkind* amd *E. Robert Marks* for respondent.

LOUGHRAN, J. Defendant is sued as indorser of two promissory notes. These intruments are the second and third of a series of four notes made by Archibald Davidow to the order of plaintiff, which were to mature respectively March 25, April 25, May 25 and June 25, 1932. All were indorsed by the maker and by Melville Davidow and Leonard H. Davidow. Defendant's indorsements of the two notes in suit were for the accommodation of Archibald Davidow, the maker, to the knowledge of plaintiff.

The four notes, so indorsed, were delivered to plaintiff in settlement of a liability of William H. Davidow Sons Co., Inc. As part of the same transaction, a written agreement was made by Archibald Davidow, Melville Davidow and Leonard H. Davidow with plaintiff, stipulating that if any of the four notes was not paid at maturity all were immediately to become due. Of this agreement defendant was not apprised. When the first note in the series matured on March 25, 1932, Archibald Davidow, the maker, made default. Pursuant to the agreement for acceleration, plaintiff thereupon declared all four notes payable and took the requisite steps to charge indorsers other than defendant. Of this, too, defendant had no knowledge. On the respective due days of the notes in suit, April 25 and May 25, 1932, these were again presented for payment to Archibald Davidow, the maker, who again defaulted and defendant was then given notice of dishonor.

The facts, as we have stated them, are admitted in the pleadings. The question is whether defendant remains liable upon his undertakings as indorser.

Section 205 of the Negotiable Instruments Law (Cons. Laws, ch. 38) provides: " Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." It is provided by section 206: " Any alteration which changes * * * the time * * * of payment * * * or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

The acceleration agreement is a complete formal writing. It is not a mere memorandum purporting to be collateral to the series of four notes. Independently of the notes, the agreement serves no purpose and can have no effect. The notes and the agreement were contemporaneously delivered to plaintiff. Thus these writings were fused by force of the rule which " requires all papers and instruments relating to the same subject and executed simultaneously, to be read together, and as constituting, when thus read, a single contract or agreement." (*Benedict* v. *Cowden*, 49 N. Y. 396, 401.) In accordance with the provisions of the acceleration agreement, plaintiff advanced the respective dates of maturity of the notes in suit. There was a material alteration of these notes within the logic and policy of the statute. (*Warrington* v. *Early*, 2 El. & Bl. 763; 23 L. J. [Q. B.] 47; *Benedict* v. *Cowden, supra; Creteau* v. *Foote & Thorne Glass Co.*, 40 App. Div. 215; *First Nat. Bank* v. *Gridley*, 112 App. Div. 398; *Mertz* v. *Fleming*, 185 Wis. 58. Cf. *Cambridge Sav. Bank* v. *Hyde*, 131 Mass. 77; *Lewis* v. *Blume*, 226 Mass. 505.) Defendant

did not assent to that alteration. Plaintiff was a party to it. We hold defendant exonerated as indorser.

The briefs of counsel discuss the question whether section 201 of the Negotiable Instruments Law deprives an accommodation indorser of defenses otherwise available to a surety at common law. That question is an open one in this court. (Cf. *National Citizens' Bank* v. *Toplitz*, 178 N. Y. 464; *Building & Engineering Co.* v. *Northern Bank*, 206 N. Y. 400.) We do not attempt to decide it here.

The judgment should be affirmed, with costs. (See 265 N. Y. 508.)

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; CRANE, J., not sitting.

Judgment affirmed.