BLANSHAN v. RUSSELL et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

1. PROMISSORY NOTE—CONSIDERATION—MARRIAGE ENGAGEMENT.
　　The mere existence of an engagement to marry is not in itself a sufficient consideration to support a note.
2. SAME—CONSIDERATION—GRATUITOUS SERVICES.
　　Services rendered out of kindness, and without expectation of award, although of value, are not a sufficient consideration to support a note.
3. SAME—PRESUMPTION OF CONSIDERATION—REBUTTAL.
　　The presumption that a note which recited "for value received" was given for a consideration is overcome where the plaintiff proves that the note was delivered for a consideration not recognized by law.
　　Merwin and Putnam, JJ., dissenting.

Appeal from trial term, Ulster county.

Action by John C. Blanshan, as administrator of the estate of Elizabeth R. Bruyn, against Benjamin Russell and another, as executors of the estate of Jacob De Witt, deceased, to recover on a promissory note. From a judgment for defendants. plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John E. Van Etten, for appellant.
John G. Keeler (John J. Linson, of counsel), for respondents.

PARKER, P. J.   Upon this trial the plaintiff has given two lines of evidence which he claims tend to establish a consideration for the note:   First, that showing an existing engagement of marriage between the parties; second, that showing services rendered for the maker, and extending through a period of 30 or 40 years.   He also claims that he is entitled, in addition to this evidence, to the benefit of the presumption that arises from the recital in the note that it is given "for value received," and rests this last claim upon Durland v. Durland, 153 N. Y. 67, 74, 47 N. E. 42.   Notwithstanding such recital, and the evidence so given, the trial judge granted defendants' motion to dismiss the complaint, and the question is presented whether such ruling was reversible error.

The evidence concerning the marriage engagement clearly does not show a valid consideration to support the note.   It is not claimed that Mrs. Bruyn promised to marry Mr. De Witt if he would give her the note, or pay her any sum of money whatever.   The evidence shows that an engagement to marry existed between them at the time the note was executed, but there is nothing whatever to show that the engagement was induced by the giving of the note.   The note was not given as a consideration for the engagement, nor was the engagement entered into in consideration of the giving of the note.   The betrothal had existed for some time before the note was executed, and the mere existence of such an engagement will not, in itself, support an executory contract to pay.   Whitaker v. Whitaker, 52 N. Y. 368; Cloyes v. Cloyes, 36 Hun, 145.   As to the services rendered, we must, from the evidence showing their performance, conclude that they were mere friendly acts, done at different times through many years, undoubtedly of assistance and value to Mr. De Witt, and some of them possibly done at his request, but given out of the kindness of Mrs. Bruyn's heart, and not rendered with any idea of being paid for.   From such evidence the conclusion is not warranted that any legal obligation to pay for the same ever existed against Mr. De Witt. And the statement of Mr. De Witt himself, upon which the plaintiff relies to connect such services with the note, rather indicates that no such understanding existed between the parties.   The substance of the remark is that he had given her the note as a reward for what she had done for him.   His language, in each instance testified to, indicates that the note was a reward, and not evidence of any debt.   Nowhere does he suggest that he was indebted to her in any amount whatever, and in this particular the case is different from Gallagher v. Brewster, 153 N. Y. 364, 47 N. E. 450.   It is true that an existing indebtedness for a certain amount will sustain a promise to pay a much greater amount, but when there is no legal indebtedness whatever the execution and delivery of a promissory note is a mere nudum pactum, and not enforceable.   This seems to be a fundamental principle, and the citation of authorities is not necessary.   "A person cannot make another his debtor by the rendering of voluntary services, and, as such services impose no liability upon the person for whose benefit they are rendered, they cannot be a consideration for his subsequent promise to pay for them."   6 Am. & Eng. Enc. Law (2d Ed.) p. 693.   It is true that the recital "for value received" in a note im-

ports a consideration, and the burden is upon the defendant to over-come the presumption arising therefrom.    But if the plaintiff upon the trial proves that the note was made and delivered for a considera-tion that the law does not recognize as sufficient to sustain the prom-ise, the burden which rested upon defendant has been met by the evidence in the case quite as effectively as if it had been intro-duced by the defendant himself.   In the case before us the evidence introduced by the plaintiff to show a consideration, and particularly the statement of the maker of the note that he give it as a reward for what Mrs. Bruyn had done for him, very clearly forbids any specula-tion by the jury that the "value received" was other than was so shown.    In the face of that evidence, they would have no right to in-fer that some other and sufficient consideration in fact existed. Hence the trial judge had the right to assume that there was no consideration other than appeared in the evidence before him, and was correct in his·conclusion that none sufficient in law could there be found.    The decision in Durland v. Durland, above cited, does not conflict with these conclusions.

The complaint was properly dismissed, and the judgment appealed from should be affirmed, with costs.    All concur, except MERWIN and PUTNAM, JJ., dissenting.