(Surrogate's Court, Cattaraugus County. February, 1906.)

**1. ALTERATION OF INSTRUMENTS—BILLS AND NOTES—BURDEN OF PROOF.**

Where, in a claim against a decedent's estate, the body of the note on which the claim was based was obviously written with a different pencil from that employed to write the words "Value received, with interest," it devolved upon claimant to show that the words were written before the note was delivered, and as part of the execution thereof.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Alteration of Instruments, § 244.]

**2. BILLS AND NOTES—CONSIDERATION—PRESUMPTION.**

In a claim against a decedent's estate on a note, the giving of evidence by claimant upon the question of consideration does not destroy the effect of the presumption that there was a consideration.

**3. SAME—EVIDENCE.**

In a claim against a decedent's estate on a note, evidence by claimant that it was founded on a consideration which was not sufficient to support it destroys the presumption that there was some consideration other than that proven by claimant.

**4. CONTRACTS—CONSIDERATION—VOLUNTARY SERVICES.**

Services voluntarily rendered, without expectation that they will be paid for, are not sufficient consideration for a note.

**5. BILLS AND NOTES—ACTION—CONSIDERATION—EVIDENCE.**

In a claim against a decedent's estate on a note, it appeared that the claimant visited decedent's family and rendered services in doing housework and caring for decedent's wife during her last illness, and rendered certain minor services to deceased. It was shown that at another time she loaned deceased a small sum of money, but the circumstances were such as to indicate that decedent would not have become indebted to claimant to the amount of the note. *Held,* that it was presumable that the only consideration for the note was the voluntary services of claimant, which were not a sufficient consideration to support the note.

Judicial settlement of the estate of Samuel Pinkerton, deceased, in which Mrs. Hettie Walker filed a claim. Claim disallowed.

G. W. Cole, for executor.
Ansley & Ansley, for creditor.

DAVIE, S. The only controversy upon this accounting relates to the claim of Mrs. Walker, which the executor has rejected, and, by stipulation of the parties, pursuant to the provisions of chapter 595, p. 398, of the Laws of 1895, is submitted for determination upon the

judicial settlement. This claim is based, in part, upon a promissory note, of which the following is a copy:

"Limestone, April 7, 1903.

"One year after date I promise to pay to the order of Hettie Walker six hundred dollars.

"Sam Pinkerton.

"Value received with interest."

The entire note, aside from the signature, is in the handwriting of the claimant. The body of the note and the signature are written with a blunt, soft lead pencil; the letters being dark and heavy. The words below the signature, "Value received with interest," present the appearance of having been written with a hard, sharp-pointed pencil. The contrast is very apparent.

It is suggested on part of the executor that the appearance of this note is such that it was obligatory upon the claimant to show affirmatively that the words quoted were added before the delivery of the note. These words, although below the signature, are a part of the contract. The claimant so regards them and seeks to recover interest from the date of the note. If these words were in fact a part of the note at the time of its delivery, and placed there with the knowledge and acquiescence of the decedent, they are as binding as if written above the signature. Benedict v. Cowden, 49 N. Y. 396, 10 Am. Rep. 382; Dewey v. Reed, 40 Barb. 16; 1 Daniel, Neg. Inst. § 149. The words "with interest" are a material part of the contract; and, if added after the execution and delivery, constitute a material alteration. McGrath v. Clark, 56 N. Y. 34, 15 Am. Rep. 372. Where alterations appear, beneficial to the holder of the paper, the presumption is against the party seeking to recover thereon; and he is required to explain such alteration before recovery is permitted. Tillou v. Clinton & Essex Mutual Ins. Co., 7 Barb. 564; Daniel, Neg. Inst. § 1417. The order of events in the making and delivery of this note indicates that the words referred to were written after the signing of the note; that they were placed thereon after the note came back into the hands of the claimant; that the paper was first procured, cut into the desired size, and the claimant then wrote the body of the note and delivered the same, with the pencil she had used (because the signature is clearly written with the same pencil as the body), to the decedent; that he then signed it and returned it to the claimant, after which another pencil was procured and the last line added. Whether this was done immediately, in the presence and by the consent of the decedent, or at some subsequent time without his knowledge is all left to conjecture. Under such circumstances the claimant should have established, affirmatively, that these four words, or at least the material portion thereof, "with interest," were added as a part of the execution of the note and before its ultimate delivery. It is, however, unnecessary to consider this matter more fully in this connection, as the conclusions hereinafter stated are predicated upon other grounds.

In seeking to establish this note as a valid obligation against the estate of the decedent, the claimant assumed the burden of showing, by a fair and reasonable preponderance of evidence, that the same was ex-

ecuted and delivered for a legal consideration; and such duty remained with the claimant during the entire trial. This burden is met, in the first instance, by presentation and proof of the execution of the note. "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration." Neg. Inst. Law, § 50. Proof of the note prima facie established the claimant's cause of action, and the executor thereupon became bound to controvert it by evidence; but "when such evidence is given, and the case upon the whole evidence, that for and against the facts asserted by the plaintiff, is submitted to the court or jury, then the question of burden of proof as to any fact, in its proper sense, arises, and rests upon the party upon whom it was at the outset, * * * and is not shifted by the course of the trial, that all material issues tendered by the plaintiff must be established by him by a preponderance of evidence." Farmers' Loan & Trust Co. v. Siefke, 144 N. Y. 359, 39 N. E. 358. In this case the claimant did not rest her case upon the legal presumption springing from the note itself, but gave proof, affirmatively, bearing upon the question of consideration; and the question arises whether such proof is to be regarded as supplemental to the presumption given for the purpose of strengthening its probative force, or whether, by entering upon an investigation of the consideration as a part of her affirmative case, the claimant has lost the benefit of such presumption. In the case of Bruyn v. Russell, this question received consideration. That case was upon a promissory note. Plaintiff had produced the note and proved its execution, but, anticipating that the defendant would attack its consideration, proceeded to give proof as to the actual consideration. Landon, J., in the opinion says:

"She undertook to show that the testator gave her the note, because a promise of marriage existed between them, and because he desired to recognize and reward the life-long acts of kindness which the plaintiff had bestowed upon him and the members of his household. If she failed to establish the actual consideration she asserted, she could not ask to recover, because the defendants had not affirmatively overcome the presumption of consideration which the note itself imported; or if, establishing the particular consideration which she asserted, it should be found that such consideration had not sufficient legal validity to uphold the note, the words 'for value received' in the note, could not be invoked to supply legal validity to a consideration otherwise ascertained to be invalid." Bruyn v. Russell, 52 Hun, 17, 4 N. Y. Supp. 784.

In the case of Durland v. Durland, a contrary rule is stated. Martin, J., in the opinion in that case says:

"The paper which is the basis of this claim is a promissory note, and must be treated as such. * * * A good consideration is not only stated on the face of the note, but the presumption is that it is a valid obligation based upon a good and legal consideration, and the burden of showing that there was a want of consideration rested upon the defendant. The appellant, while admitting this presumption, contends that, because the respondent produced evidence to show an actual consideration, therefore she cannot avail herself of the presumption which the law affords. With this contention we do not agree. We think it cannot be properly held that the plaintiff, by giving evidence showing an actual consideration, thereby waived the right to avail herself of the presumption which the law affords or that it relieved the defendant from the burden of proving his defense." Durland v. Durland, 153 N. Y. 67, 47 N. E. 42.

Upon the second trial of the Russel Case above referred to, the Appellate Division held that:

"It is true that the recital 'for value received' in a note imports a consideration, and the burden is upon the defendant to overcome the presumption arising therefrom. But if the plaintiff, upon the trial, proves that the note was made and delivered for a consideration that the law does not recognize as sufficient to sustain the promise, the burden which rested upon the defendant has been met by the evidence in the case quite as effectively as if it had been introduced by the defendant himself. In the case before us the evidence introduced by the plaintiff to show a consideration, and particularly the statement of the maker of the note that he gave it as a reward for what Mrs. Bruyn had done for him, very clearly forbids any speculation by the jury that the 'value received' was other than was so shown. In the face of that evidence they would have no right to infer that some other and sufficient consideration in fact existed. Hence the trial judge had the right to assume that there was no consideration other than appeared in the evidence before him, and was correct in his conclusion that none, sufficient in law, could be found." Blanshan, as Adm., etc., v. Russell, 32 App. Div. 103, 52 N. Y. Supp. 963, affirmed by Court of Appeals without opinion, 161 N. Y. 629, 55 N. E. 1093.

The general principle deducible from these somewhat conflicting authorities seems to be that, if the claimant is not content to rest his case upon the presumption, but gives affirmative proof to establish the consideration, no other consideration than that to which the evidence is directed will be assumed or presumed; and, if the preponderance of evidence shows such consideration to be legally insufficient, the presumption will not supply the defect.

The facts established by the claimant's affirmative evidence bearing upon the question of consideration are to the effect that, during the final illness of decedent's second wife, three or four years before the making of the note in question, the claimant, for a period of about two months, frequently visited the decedent's family and assisted in doing the housework and taking care of the wife, occasionally bringing her delicacies to eat. After her death, claimant furnished occasional meals at her home to the decedent. From time to time she assisted him in his correspondence, writing perhaps a dozen letters in all for him. On one occasion, the decedent, desiring to repay the sum of $30 he had borrowed of a neighbor, went into the claimant's residence and immediately returned with the money and made the payment. The other facts established by the evidence are substantially as follows: The decedent died on the 27th day of September, 1904. He was survived by one daughter and one son and his widow, who was his third wife. Decedent's first wife left him many years ago, taking the daughter with her. The son is intemperate, worthless, and dissolute. Decedent, at the time of his death, possessed a small amount of personal property, owned a farm of about 50 acres, worth $10 an acre, aside from the oil production thereon. This land had been leased by the decedent for oil purposes, reserving one-eighth royalty. Such royalty produced an income of practically $40 a month. Decedent was also a pensioner of the Civil War, receiving from that source $8 a month. He was honest, economical, and somewhat parsimonious, not accustomed to incur indebtedness to any great extent, and prompt in making payment

of what he owed. For many years prior to his death he does not appear to have been engaged in any business other than managing his small farm and collecting his oil royalties and pension. The claimant is, and for many years has been, a widow, having no property and no income aside from that derived from her labor and occasional keeping of boarders. She made her home with a neighbor living near the decedent. She does not appear to have possessed at any time any money or property to any considerable extent. From time to time the decedent furnished her with orders for trade at the store of Mr. Paton. Friendly and intimate relations had existed for many years between the claimant and the family of the decedent.

Since the claimant has not seen fit to rely upon the presumption, but has removed the lid and entered upon a general investigation of the facts and circumstances in search of a consideration, it is apparent that, if this note represented a sale of property or loan of money to the decedent, the ownership of such property, or possession of such money, cotemporaneous with the transaction, would have been entirely susceptible of proof, notwithstanding the incompetency of the claimant as a witness. No such proof having been presented, the conclusion is irresistible that the only consideration for the note was the various acts of neighborly kindness above referred to. They do not constitute a sufficient consideration. Voluntary services, however meritorious, rendered without expectation of pecuniary remuneration, are never the basis of a legal liability. The rendition of such services having created no legal liability in the first instance, they are insufficient consideration for the promise to pay contained in the note. Pars. Cont. 468; Chilcott v. Trimble, 13 Barb. 503; Ingraham v. Gilbert, 20 Barb. 151; Bartholemew v. Jackson, 20 Johns. 28, 11 Am Dec. 237. The decedent, at the time of making this note, was an aged man. His daughter had deserted him and his son had become a worthless drunkard. By the terms of his will, made shortly after the execution of the note, decedent made a reasonable provision for his widow. Prompted by a remembrance of claimant's many acts of kindness to himself and family, a desire on his part to permit her to participate to some extent in the ultimate distribution of the residue of his estate was natural. This note was the outgrowth of such desire and intended as a gift or attempted testamentary provision. As such, it is invalid. Harris v. Clark, 3 N. Y. 93, 51 Am. Dec. 352. That portion of the claim which is based upon the note in question should be disallowed. A decree will be entered accordingly.

Decreed accordingly.