Matter of the Final Judicial Settlement of the Accounts of WILLIAM W. WILES and ANNA A. WILES, as Executors of the Last Will and Testament of WILLIAM WILES, Deceased.

(Surrogate's Court, Montgomery County, December, 1917.)

Decedents' estates — negotiable instruments — gifts — wills — insurance (life).

> Where it is clear that a promissory note given without a valuable or sufficient consideration was intended by the maker to operate at his death as a gift to the payee, his daughter, of the sum of money therein mentioned, the note is not a valid obligation against his estate, nor does it amount to or effect a valid gift of the money.
>
> Where, however, a provision of the maker's will mentions the note and directs that the proceeds of certain insurance be paid thereon, to the extent of the sum realized upon the insurance policies, the payee is entitled to recover as legatee such amount over and beyond such other provisions as are made for her by the will.

PROCEEDING upon the final judicial settlement of the accounts of executors.

George M. Albot, for executors.

Fred Linus Carroll, for claimant.

MYERS, S.    The question presented for determination on the accounting in the above-entitled estate arises upon a claim presented by Emma Wiles Edwards, based upon a promissory note of which the following is a copy:

" $5000.00

" Six years after date for value received, I promise to pay to the order of Mrs. Geddes H. Edwards, Five Thousand Dollars.

" Dated, FULTONVILLE, *September* 14, 1896.

" WILLIAM WILES."

The claimant and the payee named in said note are one and the same person. A verified claim for the amount stated in said note was presented by the payee named therein, and rejected by the executors.

The facts relating to the giving of said note are undisputed, and are these: On the day on which said note bears date, William Wiles, the father of the claimant, came to her and asked her for five cents. She told him she did not have it, but had a quarter, whereupon her father then asked her to give that to him, which she did, and he then handed to her the note in question saying that he wanted the money in order to make it binding. That at that time she was visiting in Fultonville, her home being in St. Louis. That at that time her father was owing her no money, and she had rendered him no services, and prior thereto her father never suggested to her the giving of such note and she had never thought of his doing so.

That no business transaction had taken place between her and her father previous thereto. That at the time of giving the note there was some talk about its payment, and that she understood it was to be paid after his death. That the note remained in her possession from that time, with the exception that on three occasions, viz., August 6, 1902, August 27, 1908, and August 26, 1914, her father had the note and indorsed thereon a renewal in each case in the following words: " I renew the within note with the understanding there is to be no interest on the same," which renewal in

each case was signed by said maker. The note was rejected and is contested on the ground of failure of sufficient consideration for its making and delivery, and that it was intended only to operate as a testamentary act.

It is clear that there was no valuable consideration for the making and delivery of the note beyond the twenty-five cents, and it is clear that the passing of said sum between the parties was not considered by either as the actual consideration for the making of the note, but was intended as a mere form thought by the maker necessary and sufficient to make the note valid.

The payee understood at the time that the note was given to her because her father had previously advanced to her brother some money. The father no doubt felt under some moral obligation to provide for this daughter to the extent of the amount of the note, but does not appear to have been under any legal obligation to pay her such sum, or any sum whatever. The note appears on its face to have been given for " value received," but the presumption arising from such recital is overcome by the undisputed facts, and the consideration for the making and delivery thereof accordingly was meritorious only.

I think the rule may be stated to be that where a party is under no legal obligation to pay money to another, and there is no valuable consideration for the promise to do so, a contract or an agreement to pay will not be rendered valid by putting it in the form of a promissory note.

The delivery of the note was intended to work as a gift at some future date of the sum of $5,000. It amounted simply to a promise of Mr. Wiles to pay at such time such sum (as between the parties the time of such payment was intended to be after the maker's death). The rule respecting such a transaction, based

Surrogate's Court, Montgomery County, December, 1917. [Vol. 101.

upon a meritorious consideration only, was laid down in *Harris* v. *Clark,* 3 N. Y. 93, in which it was stated: " That a voluntary promissory note without consideration is not, as the law now stands, the subject of a valid gift by the maker, either as a present donation or as a gift to take effect at the death of the donor," and the general principle is well established that " In no case whatsoever will courts of equity interfere in favor of mere volunteers, whether it be upon a voluntary contract, or a covenant or a settlement, however meritorious may be the consideration, and though they stand in relation of wife or child." Story Eq. Juris. § 1148. The law seems well settled that a meritorious consideration, or the duty even to provide for a wife or child, is not sufficient to support an executory contract. The note in question amounted simply to a promise to pay and was an executory contract only, and such voluntary promise cannot be enforced against the doner in his lifetime, nor after his death against his executors or administrators. This rule is supported in the matter of *Whitaker* v. *Whitaker,* 52 N. Y. 368, and has been followed.

The law seems also to be well settled that natural love and affection do not constitute a sufficient consideration to support an executory contract, and that the purpose of equalizing the distribution of the maker's estate among his children is not sufficient consideration for the making of a note. This was so stated in *Hadley* v. *Reed,* 34 N. Y. St. Repr. 949.

The note in question being without a valuable consideration, or any consideration sufficient to make it a valid claim against this estate, the claimant can have no standing as a creditor against her father's estate.

The note in question was clearly intended to operate as a gift, at the death of the maker, of the sum stated therein. If the note had been one held by the father

against the daughter, or a note held by him against a third person, the delivery thereof by him to the claimant would undoubtedly have satisfied the elements necessary to constitute a valid gift, but the mere delivery by him of an instrument without a valuable consideration, whereby he promised to pay at a future date, did not amount to such a gift of the sum intended to be given as would satisfy the legal requirements necessary to complete a gift. While the intention of the donor was to give to claimant the sum of money mentioned, there was lacking a present delivery thereof with a renunciation by him of dominion and control thereover. This act on his part amounted to nothing more than an attempt to effect a testamentary provision, and in that respect was ineffectual and void and must fail in that respect also for want of observance of the statutory requirements necessary for the making and attesting of a last will and testament.

The case of *Ferry* v. *Stephens,* 66 N. Y. 321, cited by claimant in support of her claim, is not in point, for in that case claimant entered into a contract for the purchase of real estate and obligated herself to pay a stipulated sum of money, but during the lifetime of the other party to the contract he receipted in full to her for the purchase price, the court holding that the contract did not operate as a gift of the land, but the receipt operated as a valid and complete gift of the debt, freeing the second party from obligation to pay the sum and entitling her to the right of conveyance as though she had in fact paid. In that case it was held the contract no longer remained executory.

I am unable to hold that the note in question operated as a valid gift to the claimant of $5,000, and consequently cannot consider seriously the contention of the claimant that it did and that the maker during his

45

Surrogate's Court, Montgomery County, December, 1917.   [Vol. 101.

lifetime occupied the position of a trustee, holding said sum only in trust for her.

It is further contended by the claimant that it was the unquestioned intention and purpose of the decedent that the claimant should be paid $5,000, and that this intention should be carried out.   The intention of the decedent would be given serious consideration and would be of considerable weight in construing an instrument which might be legitimately held to be a will, but in the case of the note in question the question of the intention of the maker cannot and does not enter.

I must hold that the note in question having been given without a valuable or sufficient consideration is not a valid obligation against the estate of William Wiles, and neither did it amount to nor effect a valid gift of the sum mentioned therein.

The decedent by the 2d paragraph of his last will and testament mentions the note in question, and directs that the proceeds of certain insurance policies be paid thereon.   It appears that the sum realized upon the policies mentioned amounted to $2,163.03, and I find and hold that to the extent of such amount the claimant is entitled to recover as a legatee under said will, over and beyond such other provisions as are made for her therein.   The decree may provide accordingly.

Decreed accordingly.