In the Matter of the Judicial Settlement of the Account of MICHAEL McCABE, as Executor, etc., of SARAH A. VAN VRANKEN, Deceased.

Surrogate's Court, Montgomery County, February, 1923.

**Negotiable instruments — decedent's estate — lack of consideration for note given by deceased — Statute of Limitations — interested witness — when claim disallowed.**

While under section 50 of the Negotiable Instruments Law every negotiable instrument is deemed *prima facie* to have been made for a valuable consideration, yet in determining whether such was the fact all evidence bearing upon that question must be considered.

Where, upon the hearing, on the final accounting of an executor, of a disputed claim based upon a promissory note, on its face barred by the Statute of Limitations, given by decedent to claimant, the testimony of the only witness sworn, the claimant's wife, tends to show that the only consideration for the note was various friendly and neighborly acts and services rendered by claimant for the deceased, it will be held that there was a lack of a legal and valid consideration for the note.

The witness, in order to overcome the statutory presumption (Neg. Inst. Law, § 30) that the note was delivered on its date, November 19, 1912, testified that it was delivered to claimant in the fore part of November, 1918. *Held*, that though the witness under section 347 of the Civil Practice Act was not incompetent to testify, she was, nevertheless, an interested witness, and the claim will be disallowed on the ground that the presumption that the note was delivered on its date had not been rebutted by such clear and convincing testimony as the law demands in cases of claims against decedents' estates.

The witness also testified that at the making of the note the deceased testatrix said that she wanted to give the note to claimant for what he had done for her and her husband and did not want the executor to know it until after her death. *Held*, that if the note was intended as a gift or attempted testamentary provision, it was invalid.

PROCEEDING upon the final judicial settlement of the account of Michael McCabe, as executor of the estate of Sarah A. Van

Vranken, deceased, in which Ervin S. Hoag filed a claim for $1,000 and accrued interest.

*Dwyer & Dwyer*, for executor.

*Chandler S. Knight* (*Charles E. Hardies*, of counsel), for claimant.

SPONABLE, S.    The claimant's claim in this proceeding is based upon a promissory note of which the following is a copy:

" $1,000.                    AMSTERDAM                    *Nov 19th* 1912.

    " On demand for value received I promise to pay to the order of Ervin S. Hoag the sum of one thousand dollars with interest.

                        " SARAH A. VAN VRANKEN."

The claimant, Ervin S. Hoag, presented a verified claim for the amount stated in said note which was rejected by the executor.

The claimant contends that the said note is a valid claim against the estate because of the legal presumption of consideration for the giving thereof and because the presumption that the date of the note is deemed *prima facie* to be the true date of the making and acceptance thereof has been rebutted, contending that the same was made and delivered within such time as not to be barred by the Statute of Limitations.

The executor contends that the said note is not a valid and legal claim against the estate of said deceased because of a lack of a legal and valid consideration for the giving of the same and also because the said note is barred by the Statute of Limitations.

The only witness sworn was Mrs. Nettie Hoag, who is the wife of the claimant, who testified in substance that about November 19, 1912, a note other than the one in question in this proceeding for $100 was given by deceased to claimant and that about six years thereafter the note in question was made by deceased and delivered by deceased to claimant. The witness seemed to be confused both as to the season of the year and the year when the note in question was signed and delivered. She testified at one time that it was in the summer time and at another time it was in the month of November and at one time she testified she could not say whether or not the note was signed in 1912 or 1918 or any year between and at another time she states that it was about the 5th of November in the year 1918 and fixes that time because her grandchild was born just before Armistice Day or about the fifth day of November of that year. She says that Mrs. Van Vranken came to claimant's home and said she wanted him to renew the note and she wanted him to have $1,000, and that he should draw it up and date this note in question the same as the first note; that she wanted him to have it for what he had done for her and Mr. Van Vranken and she did not want Mr. McCabe to know it

until after her death.   She stated that. Mr. Hoag had plowed and dragged for deceased, had driven her to the bank in the automobile, had helped her around the place and had done other things, but to just what extent it does not appear.   The claimant and the deceased were neighbors, the claimant living just across the street from deceased and they were daily visitors to each others' homes.

There are other parts of the testimony of the witness which have a bearing upon the transaction and the relation of the parties but it would seem that those which I have stated are sufficient to determine the justice of this claim.

The claimant has the burden of showing by a fair preponderance of the evidence that the note was given for a good and valuable consideration and this burden remained with the claimant during the trial of the issues involved.   A note is not a payment but is an executory promise to pay and must be founded upon a valuable consideration.   The claimant presented and proved the execution of the note in question and in so doing met the requirements in this respect in the first instance as " every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration " (Neg. Inst. Law, § 50), but in determining the question as to whether the note was given for a good and valuable consideration (*Matter of Wiles*, 101 Misc. Rep. 701; *Dougherty* v. *Salt*, 227 N. Y. 200) I must consider all the evidence in this case upon this question.   Both the executor on cross-examination and the claimant on redirect examination adduced from the witness testimony as to acts and services rendered by the claimant for the deceased, which services were spread over a number of years.   I must conclude that such services as were performed by claimant for deceased were acts of kindness shown by one neighbor to another; in other words, friendly acts, and that the only consideration for the note was the various friendly and neighborly acts referred to. They, under the law, do not constitute a sufficient consideration for the giving of the note.   *Matter of Pinkerton*, 49 Misc. Rep. 363; *Blanshan* v. *Russell*, 32 App. Div. 103; affd., 161 N. Y. 629.   And, also, in this connection the witness Nettie Hoag testified that the deceased said at the time of the making of the note in question that she wanted to give this note to the claimant for what he had done for her and Mr. Van Vranken (referring to her husband) and did not want Mr. McCabe to know it until after her death; in other words, the giving of the note was prompted by her recalling claimant's many acts of kindness to her and a desire on her part to have Mr. Hoag have a share to the.extent of this note in her estate after her death, and, therefore, intended it as a gift

or attempted testamentary provision.   As such it is invalid.   *Harris* v. *Clark*, 3 N. Y. 93.

The note in question on its face is barred by the Statute of Limitations as " in case of a note payable on demand the statute of limitations begins to run in favor of the maker from its date whether the note be payable with or without interest."   Headnote, *McMullen* v. *Rafferty*, 89 N. Y. 456.   This was conceded by counsel for claimant on the trial.   A note is presumed to be delivered on the day it bears date.   Neg. Inst. Law, § 30.   To overcome this presumption in the statute relative to negotiable instruments the claimant's witness, Mrs. Hoag, testified that the note was delivered not at the time it bears date but in the forepart of November, 1918.   I have searched in vain through the testimony to ascertain the reason why this note if delivered during the forepart of November, 1918, was dated November 19, 1912, and I must conclude that I have been unable to find any.   As I have stated before, the witness, Mrs. Hoag, is the wife of the claimant; upon her testimony alone must the presumption that the note was delivered at the time it bears date be rebutted, and she having varied her testimony as to many facts in the case and not being positive about many things and the note being dated back six years previous to the time which she testifies it was made and delivered being contrary to reason and to ordinary business transactions, her testimony is not so clear and convincing as the courts require in claims against deceased persons as " there can be no fair preponderance in favor of the claimant unless the evidence in its support be sufficiently clear and convincing to withstand the scrutiny which a rational distrust would provoke."   *Matter of People's Trust Co.*, 79 Misc. Rep. 595, 598; *Roberge* v. *Bonner*, 185 N. Y. 265, 268; *Hamlin* v. *Stevens*, 177 id. 39; *Rosseau* v. *Rouss*, 180 id. 116; *Wallace* v. *Wallace*, 158 App. Div. 273.

As this note upon its face is barred by the Statute of Limitations the time of the delivery of the same is one of the crucial points in the case and " the same scrutiny required in the investigation of a claim of this kind extends to an effort to keep it alive when long deferred."   *White* v. *Devendorff*, 127 App. Div. 791; *Matter of People's Trust Co.*, *supra*.

There are many decisions by the courts of this state deciding the merits of claims against decedents' estates but I fail to find a single one where such claim has been allowed upon the testimony of the husband where the wife has been a claimant or upon the testimony of the wife where the husband has been a claimant unless corroborated by disinterested witnesses, for the reason that as in this case while Mrs. Nettie Hoag, the wife of the claimant,

although not incompetent under section 347 of the Civil Practice Act, was, nevertheless, an interested witness. *Matter of MacMillan,* 218 N. Y. 64, 68.

Therefore, I must conclude that this note lacks the adequate valuable consideration such as the law requires and also that the time of the delivery of the note sufficient to rebut the presumption that it was delivered at the time it bears date has not been proven by such clear and convincing testimony as the authorities and decisions pertaining to claims against decedents' estates demand, and, therefore, the claim of the claimant should be disallowed.

A decree will be entered accordingly.

Decreed accordingly.