In the Matter of the Estate of S. WALLACE ROE, Deceased.

Surrogate's Court, Albany County, April 8, 1932.

*Joseph Besch, Jr.* [*Michael D. Reilly* of counsel], for the executrix.

*Ogden Stevens* [*Newton B. Van Derzee* of counsel], for the claimant.

SCHENCK, S.   Upon the judicial settlement of the accounts of the executrix herein, the validity of a claim against the decedent's estate was presented and tried.   This claim is based upon a written instrument executed by the testator in words and figures as follows:

" *Oct.* 14th, 1926.

"For a valuable consideration, I owe, Agnes J. Welch of 290 Lark St., Albany, N. Y., the sum of $5000, without interest, which is due and payable, in the event of my death.

"In witness whereof, I have affixed my signature to this declaration.

" S. WALLACE ROE.

" Signed sealed & delivered in presence of

" H. W. SCOFIELD,

[SEAL]                                  " *Notary Public.*'

The execution of the instrument by the testator is admitted by the accounting party.   The answer denies, however, that the instrument was given for a valuable consideration and alleges that it was given for no legal consideration whatsoever.   Claimant had been for many years employed by the banking firm of Spencer Trask & Co. in the capacity of secretary and stenographer, her particular duties being stenographic and secretarial work for the testator, who was one of the resident partners of the banking firm. While the answer admitted the delivery to the claimant of the instrument referred to, the accounting party was given leave to amend and to deny that the delivery of the instrument was made during the lifetime of the testator and to allege that it was made after his death, in conformity with the proof.

That the instrument is not a promissory note, negotiable or otherwise, is apparent from its terms, for there is no promise therein to pay.   It is contended by claimant that the instrument is " a declaration of indebtedness and contains every element of a valid claim."

Let us consider the language of the instrument.   " For a valuable consideration, I owe, Agnes J. Welch   *   *   *   the sum of $5,000." If we could stop at this point we would have an instrument indicating an acknowledgment by the testator that claimant had already furnished him a valuable consideration, but it must be noted that the sum therein stated was to become " due and payable, in the event of my death."

If the words " I owe Agnes J. Welch   *   *   *   the sum of $5,000 " were intended to import a present indebtedness then

due, I find no logical reason for the further provision which makes the sum " due and payable " only in the event of testator's death.

Taking the entire instrument, it appears to have been simply an attempt to make financial provision for claimant's benefit upon testator's death. In other words, the testator endeavored to make testamentary disposition of a portion of his property in a manner contrary to law.

Counsel for the claimant refers to several cases in support of his contention that this instrument in itself is sufficient to support the claim. *Matter of Gallagher* (153 N. Y. 364) is a case somewhat similar to the case at bar, and is referred to in claimant's brief as authority for his contention. There the decedent left a written acknowledgment directing his executors to pay a sum of money to a person named therein and contained these words: " I owe him that. He is my old friend and may be too modest to put in a claim." The Court of Appeals held that this instrument was an admission and must be given due weight. Chief Judge ANDREWS, writing for the court, said: " The memorandum did not constitute a contract or promise upon which an action could be maintained. It purported to be neither an agreement nor a promise. It was simply a direction addressed to his executors for their guidance, and being outside of the will and an unattested instrument, had no legal or binding force either as a direction or an obligation. But as an admission it was competent evidence, although the testator retained it in his possession. An entry or memorandum made by a deceased person against his interest, found in his books or papers, is in general admissible against his estate in favor of a party seeking to establish the fact stated. They are presumably truthful. (*Govin* v. *de Miranda*, 140 N. Y. 474; Wharton on Evidence, § 128.) The probative force which will be accorded to the admission depends upon the circumstances."

The court, after pointing out that the claimant there was bound to show a legal liability of the decedent's estate for services rendered, continues (at p. 369): " The memorandum, as we have said, admitted a valid debt. But the particular consideration was not stated; and, unless the consideration was services rendered, and that could be found from the whole evidence, the proof of the memorandum did not aid the claimant in establishing the claim presented."

The instrument here presented constitutes some evidence by way of admission, but under the rule laid down in the *Gallagher* case is not in itself sufficient to substantiate the claim. The instrument was admitted in evidence, but it has not been coupled with other evidence sufficient to reasonably establish a valid claim.

The testator and claimant were both employed by Spencer Trask & Co., the testator becoming a resident partner. It was but natural that claimant should render some personal services to a member of the firm while acting as his private stenographer or secretary. It appears that she drew some of his private checks and wrote some private letters for him, but that was insufficient consideration to support a claim for $5,000 against his estate. That an employee renders services to one of his employers of a character outside of the specific duties of his employment does not imply a legal obligation of payment. No contract for such services has been proved nor may a reasonable inference be drawn from the facts presented that would indicate claimant expected to be paid for such services. It is more consistent to infer that what was done by claimant was in consideration of friendship and a desire to please one of her employers.

There is not presented here a question of adequacy of consideration, but a question of whether or not there is any legal consideration whatsoever. From the evidence presented I fail to find any consideration that will support the contention of claimant, that she is entitled to receive any money from the estate of the decedent herein.

If the testator intended a gift effective after his death, he fell far short of complying with the rules of law applicable to testamentary dispositions. If by the use of the words " for a valuable consideration " he hoped to evade these legal requirements, he has failed so to do, for it is well settled that an executory promise without consideration and intended to operate as a gift after death cannot be enforced. (*Holmes* v. *Roper*, 141 N. Y. 64; *Matter of Taylor*, 251 id. 257; *Dougherty* v. *Salt*, 227 id. 200.)

Quite similar to the case at bar is *Blanshan* v. *Russell* (32 App. Div. 103; affd., 161 N. Y. 629). The plaintiff in that case claimed to be a *fiancée* and to have rendered services for upwards of thirty years. The claim was based upon a promissory note which contained a recital that it was given for value received. Notwithstanding the statutory presumption of consideration, the complaint was dismissed. It is pertinent to note from the opinion in that case: " As to the services rendered, we must, from the evidence showing their performance, conclude that they were mere friendly acts, done at different times through many years, undoubtedly of assistance and value to Mr. De Witt, and some of them possibly done at his request, but given out of the kindness of Mrs. Bruyn's heart, and not rendered with any idea of being paid for. From such evidence the conclusion is not warranted that any legal obligation to pay for the same ever existed against Mr. De Witt.

And the statement of Mr. De Witt himself, upon which the plaintiff relies to connect such services with the note, rather indicates that no such understanding existed between the parties. The substance of the remark is that he had given her the note as a reward for what she had done for him. His language in each instance testified to indicates that the note was a reward and not evidence of any debt."

In *Matter of Taylor (supra)* certain promissory notes were involved, one of which recited that for value received decedent promised to pay at her decease a sum of money and directed that " *said debt shall draw interest* " from date of her decease. The court held that the executors were negligent in making payment and that while the words " value received " *prima facie* imply a consideration, the evidence of the note itself is of insufficient weight to establish its validity. The executors there were under a duty to resist the payment of moral obligations which did not impose legal liability.

The services rendered by the claimant here may have been meritorious and in appreciation thereof testator has shown a desire to reward her, but I cannot find that any legal obligation to pay for such services ever existed against this testator or this estate.

The claim is disallowed and a decree may be entered accordingly.