In the Matter of the Judicial Settlement of the Accounts of MARY B. ROE, as Executrix, etc., of S. WALLACE ROE, Late of the City of Albany, Deceased.* — The decree of the surrogate is reversed on the law and the facts, with costs, and the claimant's claim of $5,000 is allowed, with interest thereon from March 21, 1931. The court reverses the findings of fact made by the surrogate as follows: 1. That S. Wallace Roe endeavored in the instrument hereinafter set out in the new finding of fact No. 2, to make a testamentary disposition of part of his property contrary to law. 2. That the said instrument was not coupled with other evidence sufficient to establish claimant's claim. 3. That the services rendered by claimant to S. Wallace Roe were an insufficient consideration to support a claim for $5,000. 4. That no contract for such services has been proved and no reasonable inference may be drawn from the evidence that claimant expected to be paid for such services. 5. That there was no consideration to support claimant's claim or entitling her to receive any money from the estate of the decedent. 6. That no legal obligation rested upon the estate of decedent to pay for such services of claimant. This court makes the following new findings of fact: 1. That claimant rendered substantial services to S. Wallace Roe during his lifetime as stenographer, typist, confidential clerk, bookkeeper, and in other ways, during a period of at least six years immediately preceding his death. 2. That said S. Wallace Roe wrote out in his own handwriting, and signed and acknowledged before a notary with seal, and caused to be deposited in a safe deposit box of Spencer Trask & Co., an instrument in the following language: " October 14th, 1926. For a valuable consideration, I owe, Agnes J. Welch, 290 Lark St., Albany, N. Y., the sum of $5000, without interest, which is due and payable in the event of my death. I witness whereof, I have affix    my signature to this declaration. S. Wallace Roe. Signed sealed & delivered in presence H. W. Scofield Notary Public." (Notarial seal.) 3. That said S. Wallace Roe requested the said instrument to be delivered to claimant in the event of his death. 4. That the services referred to in finding No. 1 above were the consideration for and the consideration mentioned in the instrument set forth in finding No. 2. Van Kirk, P. J., Hill, Rhodes, McNamee and Crapser, JJ., concur. [143 Misc. 361.]

In the Matter of the Final Judicial Settlement of the Accounts of BENJAMIN MAURICE, as Administrator with the Will Annexed, etc., of KATE J. DRUMM, Deceased, Respondent. RECTOR, WARDENS AND VESTRYMEN OF ST. JOHN'S CHURCH IN THE VILLAGE OF JOHNSTOWN, Appellant.— Decree unanimously affirmed, without costs. Present— Van Kirk, P. J., Hinman, Hill, Rhodes and Crapser, JJ.

BURRITT B. JOHNSON, as Trustee in Bankruptcy of VOLNEY E. WHELDEN and JAMES J. McDERMOTT, Trading as WHELDEN & McDERMOTT, Bankrupts, Appellant, v. ALICE McQUADE and JAMES J. McDERMOTT, Respondents.— Judgment affirmed, with costs. Van Kirk, P. J., Hinman and Rhodes, JJ., concur; Hill and Crapser, JJ., dissent, and vote to reverse the judgment, and to reverse findings of fact numbered 5, 6, 11, 12 and 13, and for a new finding that defendant had reasonable ground to believe that the transfer would effect a preference.