In the Matter of the Estate of FRANK H. BARKER, Deceased.

Surrogate's Court, St. Lawrence County, March 11, 1936.

*Bowers & Heffernan,* for the administrators.

*Remington & Remington,* for the claimants, Cook Academy and Keuka College.

CHANEY, S. This is a proceeding for the judicial settlement of the account of Judson R. Hooper and Nellie J. Hooper, as administrators of the estate of Frank H. Barker. The only matters in litigation are the claims of Cook Academy and Keuka College,

each for the sum of $3,000, together with accrued interest at the rate of five per cent per annum from the date of death of said deceased. These claims are based on two promissory notes, reading as follows:

(a)

" $3000.00 ENDOWMENT NOTE

" CANTON NEW YORK, *September* 18 1919

" For value received and as a subscription to the Endowment Fund of Cook Academy, located in the State of New York, we Frank H: Barker & Alice M. Barker of St. Lawrence County, New York, do promise to pay to the Trustees of said

COOK ACADEMY

the sum of Three Thousand.........................Dollars

" Said sum to be paid out of our estate Twelve months after our death, with interest from the date of our death at the rate of five per cent per annum if not paid when due.

" Without relief from valuation or appraisement laws, and to be used as part of the endowment fund of said institution, the principal to be maintained forever, and the interest only to be used for current expenses.

Signed FRANK H BARKER
 ALICE M BARKER

" Attest MYRON W. HAYNES "

(b)

" $3000.00 ENDOWMENT NOTE

" CANTON NEW YORK, *September* 18 1919

" For value received and as a subscription to the Endowment Fund of Keuka College located in the State of New York, we Frank H Barker & Alice M Barker of St Lawrence County, New York, do promise to pay to the Trustees of said

KEUKA COLLEGE

the sum of Three Thousand.........................Dollars

" Said sum to be paid out of our estate Twelve months after our death, with interest from the date of our death at the rate of five per cent per annum if not paid when due.

" Without relief from valuation or appraisement laws, and to be used as part of the endowment fund of said institution, the principal to be maintained forever, and the interest only to be used for current expenses.

Signed FRANK H BARKER
 ALICE M BARKER

" Attest MYRON W. HAYNES "

It is admitted that under date of September 18, 1919, Frank H. Barker and his wife, Alice M. Barker, signed the notes above mentioned; also that the claimants herein are corporate entities and their qualifications to bring this proceeding are not in dispute. Claimants offered in evidence the two notes, which were received without objection. Only the face of the notes is in evidence, not the memoranda on the backs. Thereupon both parties rested.

Frank H. Barker and Alice M. Barker, his wife, died residents of the town of Canton in this county. Alice died intestate January 8, 1929. According to the records and files in the surrogate's office her estate amounted to approximately $500; and, under the Decedent Estate Law, her property, on her death, passed to her husband. Frank H. Barker died July 21, 1934, intestate. According to the account filed by the administrators there is on hand in his estate, after paying funeral expenses and undisputed debts, approximately $8,900. Claims, including the two in question, have been presented against his estate, which, if found to be valid, are sufficient to substantially absorb the estate. His nearest relatives and distributees are a sister and nephews and nieces.

The question here to be determined is whether these notes constitute gifts or attempted gifts, or whether they constitute contracts having valid and legal considerations. As gifts these instruments cannot be upheld, because they are not completed gifts, but only promises to make a gift at some future date. (*Twenty-third Street Baptist Church* v. *Cornell*, 117 N. Y. 601; *Holmes* v. *Roper*, 141 id. 64; *Matter of Heaney*, 136 Misc. 221.)

The only evidence before the court from which to conclude a consideration or failure of consideration is the notes themselves. These notes are non-negotiable. Therefore, the burden of proof is upon the claimants to establish consideration. (Neg. Inst. Law, § 50; *St. Lawrence County National Bank* v. *Watkins*, 153 App. Div. 551; *Wray* v. *Miller*, 120 N. Y. Supp. 787.) On behalf of the claimants it is contended that the recital "for value received" in each of these notes constitutes an admission by the makers that the notes were issued for a sufficient consideration and that claimants thereby met their obligation as to burden of proof, unless and until that is overcome by evidence of want of consideration. This brings us to a construction and interpretation of the two notes.

While the recital "for value received" does not have the effect of changing the burden of proof as to the existence of consideration for the contract, it constitutes an admission on the subject which is available against the maker, and from which alone, if its effect be not modified or destroyed by other evidence in the case, a good

and sufficient consideration might be inferred. Quoting from the opinion: " In the view which we take of the character of the instrument, however, the burden of proof on the question of consideration is not upon the defendant, but must remain throughout the trial upon the plaintiff who must establish the existence of a consideration by a fair preponderance of proof." (*Rice* v. *Rice*, 43 App. Div. 458.)

The presumption that a note which recited " for value received " was given for a consideration is overcome where the plaintiff proves that the note was delivered for a consideration not recognized by law. (*Blanshan* v. *Russell*, 32 App. Div. 103; affd., 161 N. Y. 629.) Quoting from the opinion of PARKER, P. J.: " It is true that the recital ' for value received ' in a note imports a consideration, and the burden is upon the defendant to overcome the presumption arising therefrom. But if the plaintiff upon the trial proves that the note was made and delivered for a consideration that the law does not recognize as sufficient to sustain the promise, the burden which rested upon defendant has been met by the evidence in the case as effectively as if it had been introduced by the defendant himself. In the case before us the evidence introduced by the plaintiff to show a consideration, and particularly the statement of the maker of the note that he gave it as a reward for what Mrs. Bruyn had done for him, very clearly forbids any speculation by the jury that the ' value received ' was other than was so shown. In the face of that evidence, they would have no right to infer that some other and sufficient consideration in fact existed. Hence the trial judge had the right to assume that there was no consideration other than appeared in the evidence before him, and was correct in his conclusion that none sufficient in law could there be found."

In a claim against a decedent's estate on a note, evidence by claimant that it was founded on consideration which was not sufficient to support it, destroys the presumption that there was some consideration other than that proven by claimant. (*Matter of Pinkerton*, 49 Misc. 363.)

The general principle deducible from these authorities seems to be that the court should take into consideration all the evidence; that no other consideration than that to which the evidence is directed will be assumed or presumed; and, if the preponderance of evidence shows such consideration to be legally insufficient, the presumption arising from the words " for value received " will not supply the defect. (*Matter of Pinkerton*, 49 Misc. 363; *Matter of Van Vranken*, 120 id. 280.)

The claimants in the instant case are educational institutions located in the central part of the State of New York. There is no evidence of any prior business transactions between those institutions and the makers of these notes. These institutions were not incorporated for business purposes. I feel that it is a fair presumption that the transactions in question which resulted in these notes were not commercial transactions.

In *Dougherty* v. *Salt* (227 N. Y. 200) there are certain principles set forth in the opinion of Judge CARDOZO which I think are applicable to this case. The claimant " was not a creditor, nor dealt with as one. A note so given is not made for ' value received ' however its maker may have labeled it. The formula of the printed blank becomes, in light of the conceded facts, a mere erroneous conclusion." And so in this case the provisions of these instruments, other than the words " for value received," indicate the real transaction; they indicate that these notes constituted purely gifts or subscriptions by the makers to the endowment funds of these institutions.

Subscriptions or gifts to institutions of the character of the claimants in this case are worthy and commendable and make it possible for such institutions to attain their desired goal; however, there are recognized ways in which those gifts may be accomplished. If the gift is to be immediate, it must be completed and the money delivered. A promise to make a gift at some future date is not enforcible, for the reason that the person making the promise may, by reason of altered financial circumstances, change his mind and determine either that he cannot afford to make such a gift, or that he cannot afford to make a gift or subscription of the amount which he originally intended. And as this is purely a voluntary subscription upon his part, the law protects him and permits him to change his mind. Gifts and subscriptions of this kind may be legally · carried out through the provisions of a will properly executed. This is a most wholesome way, because a will does not take effect until the death of the testator; and if he meets with adverse circumstances, he is at liberty to change his will to correspond.

The rule, so well settled in our jurisprudence, is very appl cable in this case, that claims against estates must be maintained by evidence which is clear and convincing and more cogent than such as will suffice to maintain an action against the living. (*Russell* v. *Amlot*, 132 App. Div. 584, Third Dept.)

In arriving at my conclusion in this matter, I am not unmindful of such decisions as *Matter of Roe* (237 App. Div. 864); in such cases there was a plain and unequivocal admission of a legal indebtedness. In the case at bar there is no claim of indebtedness, nor an admission or acknowledgment of such.

Counsel for claimants lays great stress upon the word " and " in these notes, where they state " for value received and as a subscription," etc. I believe that he is giving a possible, but an altogether too important and significant meaning, to the word " and." These notes are on printed forms apparently prepared and suggested by the payees. I doubt if the makers considered and intended the delicate finesse of meaning which counsel for claimants now contends the word " and " imports.

In *Matter of Taylor* (251 N. Y. 257) Chief Judge POUND states in his opinion that the executors in relying solely upon the words " for value received " were negligent; that the presumption arising from such words is very slight; that the instrument is suspicious and equivocal; that they should have made investigation to ascertain if there was a real consideration.

I, therefore, hold that the very slight presumption arising from the words in these printed forms " for value received " is entirely overcome by the instruments as a whole; that the claimants have failed to prove consideration by a fair preponderance of evidence; that the transactions which these notes represent appear to be, and were, merely promises to consummate gifts at a future date. The claims are disallowed.

Decree to be submitted accordingly.