ESTATE OF THEODORE O. HAMLIN, BY LINCOLN ROCHESTER TRUST COMPANY (SUCCESSOR BY MERGER TO ROCHESTER TRUST AND SAFE DEPOSIT COMPANY), EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10587. Promulgated October 14, 1947.

*Scott Stewart, Jr., Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: The petitioner reported the instrument of July 5, 1933, in its return as a "note" having "no value." The Commissioner determined that there was a commuted value at the time of the decedent's death. While the parties have now agreed upon the question of value, they differ as to whether any value whatsoever is includible in the gross estate under section 811 (a).

The petitioner contends that the instrument is not a note, but merely a memorandum of a gift. We think it is unnecessary to determine the exact nature of the instrument. The question is whether at the time of his death the decedent had an enforceable claim against his daughter for money advanced to her during his lifetime. If the

advances were not a gift, they would support a claim of the decedent against his daughter's estate. See *In re Roe's Estate*, 261 N. Y. Supp. 946, reversing 143 Misc. Rep. 361; 257 N. Y. Supp. 273. The instrument, whatever its nature, is evidence of the claim. Whether the claim was enforceable depends upon the intention of the decedent in making the advances to his daughter. The petitioner has the burden of proving the decedent's intention.

We are not convinced by the evidence that the advances were intended as a gift. The decedent simply told his daughter that he would "take care" of the money which she and her husband needed to build a summer home. Such a statement is inconclusive as evidence of his intention. While the decedent's daughter was a natural object of his bounty, the facts show that he expected repayment of the advances. As soon as the total amount of the advances was known, the decedent sent his daughter a paper calling for the payment of $18,100. She did not sign this paper, but she did sign an instrument which deferred the time of payment until her death. The decedent recited in his will that he had "loaned" his daughter $18,100 and further described the transaction as an "indebtedness." He also expressly showed therein that he expected repayment from her estate under certain conditions. There is no evidence that a gift tax return was filed by the decedent. There is no evidence that a gift was clearly and unmistakably intended. The evidence is the other way.

The petitioner further contends that the decedent's will rendered the instrument unenforceable. It is true that the will had the effect of changing the time and method of repaying the advances. The New York courts construed the will as making such advances not only payable after the daughter's death, but solely from her interest, if any, in the residue of the decedent's estate. The state courts construed the will as well as the instrument of July 5, 1933. We are concerned here only with a claim evidenced by the instrument. Regulations 105, section 81.13, directs that "Notes or other claims held by the decedent should be included [in the gross estate], though they are canceled by his will." Similarly, we are not concerned with the decedent's testamentary disposition of his property interest in the claim against his daughter's estate. Since we are not concerned with the will as such, we are not concerned with the construction of the will in the state courts. The Appellate Division said of the instrument signed by the decedent's daughter that it was "an acknowledgment of an advance of money payable only (unless she otherwise consented) after her death." It did not say that the money was not payable. It did not say that the claim for such money was not an asset of the decedent's estate.

The petitioner further contends that the instrument in question is an acknowledgment of an advancement from the decedent's estate. An advancement is "an irrevocable gift *in praesenti.*" *Estate of Gene-*

*vieve Brady Macaulay*, 3 T. C. 350, 356; affd., 150 Fed. (2d) 847. For the reasons already given, there is no basis in fact for treating the advances as a gift. Moreover, the doctrine of advancement is governed by statute in New York and applies only in case of an entire intestacy. In *Messmann* v. *Egenberger*, 46 App. Div. 46; 61 N. Y. Supp. 556, it was said:

> * * * The object of the statute is quite clear. When a will has been made disposing of the testator's real and personal estate, it will be presumed that his intention as to charges for advancements made to his children during their lives will be disposed of by the will, or provision made for carrying out his intentions in regard to them. Where he makes no will, then the law steps in and disposes of his estate; and, in order to make an equitable and proper disposition of it, it is necessary to consider the advancements made by the testator during his life, and for that purpose provision is made which will insure the equitable disposition of the intestate's property.

The decedent treated the advances made to his daughter as a loan, not as a gift. She acknowledged the advances in an instrument which evidenced an enforceable claim of the decedent's estate. It was not enforceable until her death, but it had some value at his death. The parties have agreed upon the commuted value.

We hold that the Commissioner did not err by including the agreed value of the instrument of July 5, 1933, in the gross estate of the decedent.

Reviewed by the Court.

*Decision will be entered for the respondent.*