J. Kenneth Serve, S.
Mrs. Chesa May Freeman died February 12, 1959 and her will was admitted to probate in the Orleans County Surrogate’s Court on February 24, 1959. Harris H. Lowden, the nephew of the testatrix, has filed a claim against the estate in the amount of $3,723.67 with interest at the rate of 6% from June 25, 1953 and such claim is for money loaned by him to Chesa May Freeman.
Sarah H. Butts, a sister of Chesa May Freeman, died August 20, 1952 and her will dated December 11, 1946 was admitted to probate in the Orleans County Surrogate’s Court. Letters testamentary on the estate of Sarah H. Butts were issued to Chesa May Freeman and Harris H. Lowden, the claimant. Under the terms of the will of Sarah H. Butts, after providing for the payment of her debts and funeral expenses, the testatrix devised to Mrs. Freeman a- four-fifths interest in a certain farm which she owned jointly with Mrs. Freeman. The balance of her estate was devised and bequeathed by Mrs. Butts to her nephew Harris H. Lowden.
On April 18,1952 Mrs. Butts and Mrs. Freeman sold the farm which was jointly owned by them for the sum of $14,000 and four fifths of the net proceeds obtained on said sale were paid to Mrs. Butts and the remaining one-fifth share was paid to Mrs. Freeman.
Prior to the sale of the farm and about September 3, 1951 Sarah H. Butts wrote a letter to Mrs. Freeman and in it she stated as follows: ‘ ‘ Dear Chesa,-1 want this to be my last will and testament. I give and bequeath to Chesa May Freeman all real estate and personal property owned by me.- Sarah H. Butts ’ ’. There were no subscribing witnesses to the letter and the same was, not offered for probate as a testamentary document.
Sarah H. Butts died without changing her will. In view of the fact that the farm had been sold, the devise to Mrs. Freeman was' adeemed and under the terms of the will, Mrs. Freeman did not receive anything and Harris H. Lowden became entitled to the entire net estate.
On June 25, 1953 the claimant and his wife- and Mrs. Freeman all rode together in Mr. Lowden’s car to the office of Franklin B. Cropsey, an attorney at Albion, New York. Mr. Cropsey was *848 the attorney for the executors of the Sarah H. Butts estate. While at Mr. Cropsey’s office, the net amount of the Sarah H. Butts estate was computed and a check for one half thereof was written and signed by Harris H. Lowden and the same was made payable to the order of Chesa May Freeman and delivered to her. The amount of the check was $3,723.67 and the same was drawn upon the personal account of the claimant. On July 3,1953 this check was deposited by Mrs. Freeman in her personal account. This check which was delivered to Mrs. Freeman was made out in the presence of Mrs. Freeman, the claimant, and his wife, and Franklin B. Cropsey, the attorney. In the same transaction Mrs. Freeman and Harris H. Lowden executed short-form releases in which they released themselves as the executors of the estate of Sarah H. Butts and they also signed a petition for release and discharge as such executors of the Sarah H. Butts estate. Bach of the short-form releases contained a recitation that the consideration for the release was for one or more dollars.
Following the death of Mrs. Freeman and the probate of her will, Harris H. Lowden filed his claim against the Chesa May Freeman estate. The principal amount of the claim is the same as the amount of the check he delivered to Mrs. Freeman on the closing of the Sarah H. Butts estate. Harris H. Lowden claims that the money that he gave to Mrs. Freeman on the settlement of the Sarah H. Butts estate represented a loan. Such claim was rejected by the executor of the Chesa May Freeman estate.
In support of the claim Mrs. Harris H. -Lowden, the wife of the claimant, was called as a witness. She testified that while she and the claimant and Mrs. Freeman were riding together in the automobile to Mr. Cropsey’s office on June 25, 1953, a conversation was held between the claimant and Mrs. Freeman, which is the basis for her husband’s claim. In this conversation the claimant’s wife stated that Mrs. Freeman asked the claimant if he was going to share the estate (Sarah H. Butts estate) with her, and she heard the claimant tell Mrs. Freeman that he had been told by the lawyer that Mrs. Freeman wanted him to share the estate with her and he then went on to tell Mrs. Freeman that he had never been very well and further if he could work, he could spare part of the money for her, but if he could not work, he would need it for his family. Mrs. Lowden then testified that her husband asked Mrs. Freeman if it would be agreeable if he loaned her the money as long as she needed it and that he would give his personal check for it and if the claimant at any time needed the money, he would inform *849 Mrs. Freeman and ask for its return. The witness then went on to state that Mrs. Freeman stated that such an arrangement would be all right. The wife of the claimant further testified that nothing was told to Mr. Cropsey, the attorney for the Butts estate, when all the parties were in his office on June 25, 1953, even though the check was written and delivered by the claimant to Mrs. Freeman in the presence of the attorney. Nothing was said as to the terms of the loan in relation to the rate of interest to be charged. No attempt was made to reduce to writing the agreement that was supposed to have been made between the claimant and Mrs. Freeman while traveling together to the attorney’s office in Albion. What was done in the presence of the attorney was to compute the net distributive estate, to divide it equally between the claimant and Mrs. Freeman and also to execute the necessary papers to close the Sarah H. Butts estate and to obtain a decree which would release the claimant and Mrs. Freeman as executors. If the transfer of the check constituted a loan, it appears that no interest was paid or demanded on the same in the lifetime of Mrs. Freeman.
The claimant was called as a witness, but due to the fact that an objection was made under the provisions of section 347 of the Civil Practice Act, he was not permitted to testify as to any personal transaction with the decedent. The case for the claimant rested upon the testimony as given by his wife. While she is a competent witness under section 347 of the Civil Practice Act, she is, however, an interested witness and her testimony must be closely scrutinized. (Matter of Wood, 185 App. Div. 936; Matter of Buoninfante, 125 Misc. 907; Matter of McMillan, 167 App. Div. 817, affd. 218 N. Y. 64; Matter of Van Vranken, 120 Misc. 280.) The testimony of interested witnesses should be scrutinized carefully and critically and should not be made the basis of a favorable determination unless clear and convincing (Matter of Southard, 150 Misc. 248).
The rule as to the degree of proof required in this class of cases is well established and clearly set out in the case entitled McKeon v. Van Slyck (223 N. Y. 392). In this case the court-said (p. 397): “ Never is plaintiff required to prove his case by more than a preponderance of evidence. * * * No doubt in determining whether the preponderance exists the triers of the facts must not forget that death has sealed the lips of the alleged promisor. They may reject evidence in such circumstances which might satisfy them if the promisor were living. They must cast in the balance the evidence offered on the one side and the opportunities for disproof upon the other. They *850 may, therefore, he properly instructed that to make out a preponderance, the evidence should be clear and convincing.”
The rule is well established that claims against the estates of decedents presented by a near relative and withheld until after the death of one against whose estate such claims are sought to be enforced, will be scrutinized with great care and will be sustained only when supported by the most clear, convincing and satisfactory proof. (Matter of Long, 144 Misc. 181.)
One could infer from the evidence that the claimant was merely trying to re-establish the scheme of distribution as set forth in the will of Sarah H. Butts before it was upset by the sale of the farm.
It appears that no commissions were taken by the claimant or by Mrs. Freeman as executors in the settlement of the Sarah H. Butts estate.- It seems strange that if it was necessary for Mrs. Freeman to borrow one half of the net estate from the claimant, why she did not reduce part of her obligation by taking her share of the executor’s commissions. By not taking her share of the commissions and including such sum in the principal amount of the alleged loan,, Mrs. Freeman was obligating herself to repay money which she was otherwise entitled to.
In this matter the Surrogate has sought to apply to the evidence the rule as to the degree of proof required in this class of cases and the claimant in this case has failed to establish his claim by “ clear, convincing and satisfactory proof ”.
The claim is hereby dismissed, without costs.